(23 Misc. Rep. 73.)

### BENNETT v. KOVARICK.

(Supreme Court, Trial Term, Suffolk County. March, 1898.)

1. ADVERSE POSSESSION—COLOR OF TITLE.
    An absolute conveyance constitutes color of title.
2. SAME—ACTUAL OCCUPATION.
    The actual occupation of a part of an uninclosed grant of land is constructive possession of the entire grant.
3. SAME—EVIDENCE.
    A deed to certain real estate was executed in 1857, and the grantee and those claiming under her resided on the land continuously, cultivated the

clear land, cut timber thereon for use on the farm and for sale, and platted the land. *Held*, that a seisin was established.

4. TAXATION—ASSESSMENT.
Under Rev. St. pt. 1, c. 13, tit. 2, art. 2, § 12, providing that in assessing a tract subdivided into lots the assessor shall designate the tract by its name, the lots by their respective numbers, and set down opposite each lot the quantity of land liable to taxation, and the valuation of such quantity, an assessment of two lots as "2 Lot, 11, 12, Bk. 11, St. 3," is void.

5. SAME—TAX SALE—RIGHTS OF MORTGAGEE.
A mortgagee's rights are not devested by a tax sale of the mortgaged property, where the assessment of the tax was invalid.

6. SAME—REPEAL OF STATUTE.
Laws 1873, c. 620, as amended by Laws 1875, c. 80, providing in the matter of tax sales that "conveyance shall be conclusive evidence that the sale was regular, and also presumptive evidence that all previous proceedings were regular," being a special statute, is not repealed by a general statute (Laws 1896, c. 908) providing that such conveyances, after being recorded for two years, are "conclusive evidence that the sale and the proceedings prior thereto * * * were regular."

Action by James J. Bennett against Frank Kovarick. Judgment for plaintiff.

T. F. Neville and T. M. Griffing, for plaintiff.
W. H. Jaycox, for defendant.

MADDOX, J. This is an action of ejectment, plaintiff seeking to recover possession of lots 11 and 12, in block 11, on sheet 3 of "Map of Property at Wellwood, Long Island, on South Side Railroad," made by J. Sammis, surveyor, in 1869, which formed part of the woodland embraced in the tract of about 400 acres of land conveyed by Jones, as trustee, to Hannah H. Hone, by deed bearing date December 8, 1857, and recorded May 30, 1862, and plaintiff claims title through mesne conveyances. The deed to Hone was an absolute conveyance, and constituted color of title. 3 Am. & Eng. Enc. Law, 276; Thompson v. Burhans, 61 N. Y. 60.

The tract conveyed was known as the "Hone Farm," and she resided on it. It was not inclosed, and the actual occupation of a part was constructive possession of the balance of the grant. The actual occupancy by Hone by her son-in-law, Anthony, and by her grantee, Wellwood, their acts of dominion and of ownership, viz. residence thereon, cultivation of the cleared land, and the cutting from various parts of the woodland, including that part embracing the lots in question, of timber for firewood, for use upon the farm and for sale, were all open, visible, and notorious, and continued until the plotting of the tract into lots by Wellwood and the making of the aforesaid map in 1869. Then followed the laying out of streets, the staking out of lots, the erection of houses and sales of lots by Wellwood, until the conveyance to Schleier in 1879; and the continuance of possession by Schleier is presumed up to the time of the conveyance, under the mortgage foreclosure, to this plaintiff. Such actual, visible, notorious, and continuous occupation and use of land under color of title is sufficient to establish a legal right of possession, a seisin. Miller v. Railroad Co., 71 N. Y. 384. Defendant is in the occupancy of said two lots, claiming title under a deed dated March 24, 1893, and recorded in the Suffolk

51 N.Y.S.—48

county clerk's office, in which county said lands are situated, on April 15, 1893, from the county treasurer of that county, conveying (sections 4, 5, c. 620, Laws 1873, as amended by chapter 80, Laws 1875), after a sale in March, 1891, for unpaid taxes for the year 1889, land "situate in the town of Breslau, county of Suffolk, viz. 2 lots, 11 and 12, block 11, sheet 3"; and it appears that the lots so sold and conveyed had been entered and assessed upon the "assessment roll of the town of Babylon, Suffolk county, N. Y., for the year 1889. Nonresident property (of lots) owners unknown," as one plot or parcel, i. e. "2 Lot, 11, 12, Bk. 11, St. 3." It is in evidence that there are three other maps of property in that vicinity known as "sheets 3," but it does not appear that there are on any of such maps lots bearing and having the same designations as the two in question, viz. 11 and 12, in block 11, sheet 3, nor was it shown that there is upon such assessment roll any other entry of lots having those distinguishing numbers, and this case has been presented by counsel upon the theory that the land in dispute is the same as that so entered upon the assessment roll, and afterwards sold and conveyed to the defendant. As the premises in question were full lots, having each a distinguishing number and embraced in a subdivided tract, it was the duty of the assessors to designate the tract by its name, the lots by their respective numbers, and opposite the number of each lot to set down in the second and third columns of said roll, first, the quantity of land in such lot liable to taxation, and, in the third, the valuation thereof. Rev. St. pt. 1, c. 13, tit. 2, art. 2, § 12. This had not been done, and such failure to comply with the plain requirements of the statute rendered the assessment void. They were fatal omissions. Tallman v. White, 2 N. Y. 70; Zink v. McManus, 121 N. Y. 265, 24 N. E. 467; In re New York Cent. & H. R. R. Co., 90 N. Y. 349; May v. Traphagen, 139 N. Y. 478, 34 N. E. 1064.

Defendant contends that his title is valid and effectual as against the plaintiff because of the failure to file the notice and description of the mortgage to Whiton and Smith, as provided by section 1, c. 280, Laws 1870, since it is through the foreclosure of that mortgage plaintiff traces his title. To this proposition I cannot give assent, for, as appears above, the assessment was invalid, and hence the mortgagee's rights were not devested, and the lien of the mortgage remained undisturbed. Cromwell v. MacLean, 123 N. Y. 485, 25 N. E. 932.

Defendant also urges that the county treasurer's deed to him, having been recorded more than two years, has, pursuant to section 132 of the tax law (chapter 908, Laws 1896), become "conclusive evidence that the sale and the proceedings prior thereto, from and including the assessment of the lands, * * * were regular." Nor can this contention be sustained, since the special statute (chapter 620, Laws 1873, as amended by chapter 80, Laws 1875) relating to that county, section 9 of which provides that the "conveyance shall be conclusive evidence that the sale was regular, and also presumptive evidence that all the previous proceedings were regular," has not been repealed, and the rule of construction that

a special statute is not repealed by a general act unless the intention to repeal is manifest applies.    Buffalo Cemetery Ass'n v. City of Buffalo, 118 N. Y. 66, 22 N. E. 962; Weiler v. Nembach, 114 N. Y. 39, 20 N. E. 623.    The fact that the act of 1873 is not included among the repealed laws enumerated in the schedule annexed to the act of 1896 may well be referred to as negativing any legislative intent to repeal the same.    It will be seen that the act of 1873 makes the conveyance conclusive evidence of the regularity of the sale, and presumptive evidence only of the regularity of the prior proceedings; and the general act of 1896 cannot be referred to for the purpose of removing that limitation, nor of extending or enlarging the prescribed effect of a conveyance given pursuant to the provision of the act of 1873 as amended.    The two statutes can and must stand alone and separated.    The later act—that of 1896— is not amendatory of the former.    There was no valid assessment of the lots in question, no title was conveyed by the deed to the defendant, and hence the act of 1896, § 132, even if it applied here, would not have the legalizing effect contended for by the defendant. Cromwell v. MacLean, 123 N. Y. 489, 25 N. E. 932; Association v. Lloyd, 7 App. Div. 365, 40 N. Y. Supp. 58.    Judgment is therefore directed for plaintiff, with six cents damages, since no proof of damage was introduced.

Judgment for plaintiff.