because she may, at some previous time, have discharged this duty." The only similarity which we discover in the case at bar is that the plaintiff testifies that he looked in both directions before leaving the curb, and that he saw no car or other vehicle approaching, and that he then stepped down and started to walk across the street, and that he was just leaving the track when he heard the gong of an approaching car, and simultaneously he was struck and thrown a distance of twenty feet, the car running from fifty to seventy-five feet before it was stopped. In the *Hickman Case* (*supra*) the streets did not cross the avenue; the cars had the paramount right to the use of the tracks, while in the case at bar the accident occurred at the crossing of Bridge street and Myrtle avenue, where the rights of the parties were equal, and where the defendant, contrary to the assumption of counsel, owed the plaintiff the duty of having its car in control, or at least of giving warning of its approach. The defendant had no right to rely upon people getting out of the way of its cars at crossings; it was charged with the duty of operating them with reasonable care, and the plaintiff had a right to rely, in some degree, upon the discharge of this duty on the part of the defendant. The plaintiff having looked in both directions before starting to cross, and seeing no car, was justified in walking across the street, at a point where the rights of both parties were equal, and in assuming that a car running at a rate of speed calculated to make the crossing dangerous would give some notice of its approach, or that it would be in the control of the motorman sufficiently to prevent his being run down. There was evidence in the case from which the jury might reach the conclusion that the defendant was guilty of negligence, and that the plaintiff was free from negligence contributing to the accident; there is certainly nothing in the *Hickman Case* (*supra*) which justifies the conclusion that the plaintiff in the case at bar was guilty of contributory negligence as a matter of law, and it was error to dismiss the complaint. The judgment and order appealed from should be reversed and a new trial granted. All concurred, except Goodrich, P. J., not sitting.

James Joseph Bennett, Respondent, v. Frank Kovarick, Appellant.—Judgment affirmed, with costs, on opinion of Maddox, J., at Special Term. All concurred. (Reported in 23 Misc. Rep. 73.)

John B. Hicks, Respondent, v. New Jersey Car Spring and Rubber Company, Appellant.—Judgment and order unanimously affirmed, with costs. No opinion.

Erasmo Sena, an Infant, by Saverio Sena, his Guardian ad Litem, Respondent, v. The Brooklyn Heights Railroad Company, Appellant.—Judgment and order unanimously affirmed, with costs. No opinion.

John Diehl, as Administrator, etc , of Ludwig Diehl, Deceased, Appellant, v. S. Liebmann's Sons Brewing Company, Respondent. — Judgment and order unanimously affirmed, with costs. No opinion.

L. Harry Fisher, Plaintiff, v. Sanchez and Haya Company, Defendant. — Exceptions overruled, and judgment unanimously directed for defendant, with costs, on dismissal of complaint at Trial Term, on authority of *Martin* v. *N. Y. Life Ins. Co.* (148 N. Y. 117).

Annie Patterson, Respondent, v. The Westchester Electric Railway Company, Appellant. — Judgment and order unanimously affirmed, with costs. No opinion.

Thomas Collinson, Sr., Respondent, v. The City of New York, Appellant. — Judgment

and order affirmed, with costs, on the authority of *Keane* v. *Village of Waterford* (130 N. Y. 188). All concurred, except Cullen and Hatch, JJ., dissenting.

Herman Seyen, Appellant, v. St. John's Riverside Hospital, Respondent. — Order reversed on argument, with ten dollars costs and disbursements to abide the event of the action. Goodrich, P. J., not sitting.

Augusta Dahl, Appellant, v. Nassau Electric Railroad Company, Respondent.— Order reversed on argument, with ten dollars costs and disbursements to appellant to abide the event of the action. Goodrich, P. J., not sitting.

In the Matter of the Application of Isaac R. Oeland for Admission to the Bar.— Application granted.

Mutual Benefit Loan and Building Company, Plaintiff, v. Sarah F. McGovern et al., Defendants. — Motion granted, with ten dollars costs, unless the appellant places the cause on the next calendar of this court.

In the Matter of the Petition of Richard Scott et al., for an Order Requiring Clarence F. Birdseye, an Attorney and Counselor of the Supreme Court, to Pay over Certain Moneys. — Motion to confirm the report of the referee granted, with ten dollars costs and disbursements of the reference and of the appeal to the appellant; and respondent directed to pay over, within twenty days, the amount collected by him and still in his hands, with such costs and disbursements, after deducting therefrom the sum of $500, allowed by the referee. All concurred, except Cullen, J., not sitting.

John Devlin v. Mary E. Hinman. — Motion to resettle order granted by striking therefrom reference to all papers except those contained in the printed record upon appeal. Motion for leave to appeal to the Court of Appeals upon the proposed resettled order denied, but leave granted to appeal from the order as now directed to be resettled. All concurred, except Cullen, J., not sitting.

Frank Reynolds, as Receiver, etc., Respondent, v. Ætna Life Insurance Company, Respondent, et al., Appellants.—Application to resettle order denied. All concurred, except Cullen, J., not sitting.

Joseph Adams, an Infant, etc., Respondent, v. Nassau Electric Railroad Company, Appellant.— Motion for reargument denied.

People's Trust Company, as Substituted Trustee, etc., Respondent, v. Jacob Harman et al., Appellants.— Order resettled so as to grant plaintiff its taxed costs out of the fund.

John R. Drake, Appellant, v. The New York Suburban Water Company and Others, Respondents.— Order reversed and trial stayed, pending determination of proceedings to appraise plaintiff's interest in the property, the subject of the suit, without costs to either party. No opinion. All concurred, except Goodrich, P. J., not sitting.

Frank Quinn, by James Quinn, his Guardian ad Litem, Appellant, v. John D. Kenny, Respondent.—Judgment reversed on argument, and new trial granted, costs to abide the event.

Bridget Langin, an Infant, by Bridget Langin, her Guardian ad Litem, Respondent, v. The Trustees of the New York and Brooklyn Bridge, Appellant.—Judgment reversed and new trial granted, costs to abide the event, unless the plaintiff, within twenty days, stipulates to reduce the recovery of damages to $3,000, and extra allowance proportionately, and in case of such stipulation being made, the judgment, as reduced, is unanimously affirmed, without costs to either party. No opinion.