### WELSTEAD v. JENNINGS.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

1. STATUTES—IMPLIED REPEAL.

Local or special acts are not deemed to have been repealed unless such intention is clearly manifest.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Statutes, §§ 235–237.]

2. SAME.

Laws 1873, p. 944, c. 620, relating to the collection of taxes in Suffolk county, provided that every conveyance to a purchaser at a tax sale should be conclusive evidence that the sale was regular, and presumptive evidence that all previous proceedings were regular. Laws 1855, p. 793, c. 427, § 65, relative to the sale of nonresident lands for taxes, provided that the certificate of the comptroller or county treasurer should be conclusive evidence of the regularity of all proceedings from and after the expiration of two years. Laws 1885, p. 758, c. 448, amended this statute so as to limit its operation to certain enumerated counties; but Laws 1891, p. 411, c. 217, extended its provisions to all the counties in the state, with the exception of two. Laws 1893, p. 1761, c. 711, specifically repealed Laws 1855, p. 793, c. 427, § 65. By the tax law (Laws 1896, p. 795, c. 908), all of Laws 1855, p. 781, c. 427, as well as Laws 1893, p. 1761, c. 711, was repealed. Held, that Laws 1891, p. 411, c. 217, extending the operation of the statute of 1855, did not repeal the act of 1873 relative to Suffolk county, but, at most, operated to add to its provisions

so as to make the certificate conclusive evidence of the regularity of proceedings after the expiration of two years, and hence on repeal of the act of 1855 all the acts amendatory thereto were also repealed, and the act of 1873 was left in force.

Appeal from Special Term.

Action by John J. Welstead against James E. Jennings. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before BARTLETT, WOODWARD, JENKS, RICH, and MILLER, JJ.

Harri M. Howell, for appellant.

Joseph R. Swan, for respondent.

WOODWARD, J. The plaintiff brings this action to remove a cloud from his title, and upon the merits of the case there does not appear to be room for any serious controversy. The assessors did not comply with the provisions of law necessary to gain jurisdiction of the property for the purposes of divesting the owner of his title by a tax sale, but it is urged on this appeal that the action was barred by reason of the operation of certain statutes of limitation, designed for the purpose of making tax sales effectual. The plaintiff has a judgment in his favor, directing the cancellation of the defendant's tax deed, and the latter appeals to this court.

In the year 1873 the Legislature enacted a special statute governing the collection of taxes in Suffolk county, known as chapter 620 of the Laws of that year, and section 9 (page 946) of this act provided that:

"Every such conveyance [to a purchaser at a tax sale] shall be executed by the treasurer of Suffolk county, under his hand and seal, and the execution thereof shall be acknowledged before a proper officer, the same as other conveyances of real estate are executed and acknowledged under the laws of this state; and such conveyance shall be conclusive evidence that the sale was regular, and also presumptive evidence that all the previous proceedings were regular, according to the provisions of this act."

There can be no doubt, therefore, that, if this act is still in force, one whose property has been taken from him by a tax sale based upon an assessment invalid for want of regularity in the making up of the assessment roll may properly apply to the courts to protect his rights. It is claimed, however, by the appellant, that, while this act has not been specifically repealed, it has been superseded, or its terms added to in such a manner that the plaintiff is without remedy.

The repeal of statutes by implication is not favored by the courts, and local or special acts governing any particular subject are not deemed to have been repealed unless such an intention is clearly manifest. People ex rel. Fleming v. Dalton, 158 N. Y. 175, 52 N. E. 1113. And in dealing with the case now before us, it is important to remember that the defendant's title is gained through a tax sale conducted in accord with the act of 1873, amended in 1875 without affecting the question involved here. With chapter 620, p. 944, of the Laws of 1873, as amended in 1875, in full force, the Legislature in 1885 enacted chapter 448, p. 758, of the Laws of

that year, amending section 65, p. 793, of chapter 427 of the Laws of 1855 in reference to the sale of nonresident lands for the non-payment of taxes; limiting its operation to certain enumerated counties in the northeastern part of the state, now known as the "Forest Preserve." By chapter 217, p. 411, of the Laws of 1891, the provisions of the act last above cited were extended to "all the counties in this state" except Cattaraugus and Chautauqua, and the act, as thus extended, provided that the certificate of the comptroller or county treasurer should be "conclusive evidence" of the regularity of all proceedings "from and after the expiration of two years from the date of issuing such other certificates"; and it is claimed that this act operated to provide a two-years statute of limitations in the case at bar. Assuming, without deciding, that the effect of this general act, extended generally to all of the counties of the state, with the exceptions noted, operated to read into the special act for Suffolk county a short statute of limitations, it did not repeal the statute as a whole. At most, it operated to add to its provisions by amending the provision that the certificate should be presumptive evidence of the regularity of proceedings, and made this read "conclusive evidence after the expiration of two years." But in the year 1893 the Legislature, in enacting chapter 711, p. 1761, of the Laws of that year, specifically repealed section 65, p. 758, of the Laws of 1855, and provided for the purposes which had been previously covered by the original act and its amendments; and there can be no doubt that, with the repeal of the original section, the subsequent amendments to that section fell. 26 Am. & Eng. Ency. of Law, 744. Subsequently the Legislature adopted the tax law (chapter 908, p. 795, of the Laws of 1896); and by this act it repealed all of chapter 427, p. 781, of the Laws of 1855, as well as all of chapter 711, p. 1761, of the Laws of 1893, so that upon the enactment of the tax law the local and special statute referring to Suffolk county remained as it was originally adopted, with the amendment of 1875; and as chapter 620, p. 944, of the Laws of 1873, as amended by chapter 80, p. 71, of the Laws of 1875, was not repealed by the schedule attached to such general act, we are of opinion that the Suffolk county act is still in force, and that tax sales and the certificates resulting are governed by the provisions of that act. This is in harmony with the case of Bennett v. Kovarick, 23 Misc. Rep. 73, 51 N. Y. Supp. 752, affirmed on opinion below in 44 App. Div. 629, 60 N. Y. Supp. 1133, and, we are persuaded, is in accord with the current of authority in this state.

Upon the merits, we are persuaded that the judgment is right, and that it should be affirmed.

The judgment appealed from should be affirmed, with costs. All concur.