In re McINTYRE et al.

(Supreme Court, Appellate Division, Third Department. January 8, 1908.)

1. TAXATION—TAX SALES—STATUTES—REPEAL.

Laws 1892, p. 58, c. 39, authorizing a sale of property for unpaid taxes in Broome county, was repealed by the general tax law (Laws 1896, p. 795, c. 908, as amended), establishing a uniform scheme for the enforcement and collection of unpaid taxes throughout the state, different from that prescribed by the act of 1892, so that a sale of land for unpaid state and county taxes for the year 1900 under the act of 1892 was void.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, §§ 235–237; vol. 45, Taxation, § 1264.]

2. COURTS—JURISDICTION—CORAM NON JUDICE.

Where real estate in Broome county was sold for unpaid state and county taxes for 1900 under Laws 1892, p. 58, c. 39, authorizing such sales, which was repealed by the general tax law (Laws 1896, p. 795, c. 908, as amended), establishing uniform procedure for the collection of taxes throughout the state, an order of the county judge declaring the absolute title to the premises vested in the purchaser at the sale, as authorized by Laws 1892, p. 58, c. 39, was a nullity, and insufficient to affect the title of the original owners, even though they consented thereto.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 45, Taxation, § 1470.]

Appeal from Special Term, Broome County.

Proceedings for the sale of a lot and building thereon in Lestershire, Broome county, N. Y., for unpaid state and county taxes for the year 1900. From a final order of the county judge declaring the absolute title to the premises vested in Cyrus A. Wheaton, the purchaser in fee, Marsena H. McIntyre and another appeal. Reversed, without costs, and proceedings dismissed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

J. L. Greene (Hinman, Howard & Kattell, of counsel), for appellants. Farley & Riley (E. G. Moody, of counsel), for respondent.

COCHRANE, J. For the collection of unpaid taxes arising in the year 1900 the appellants' property has been sold to the respondent by the county treasurer of Broome county. The proceedings relating to such sale were had pursuant to chapter 39, p. 58, of the Laws of 1892, entitled "An act in relation to the collection of taxes in Broome county, and to authorize and provide for the sale of property for unpaid taxes in said county." The proceedings have been in conformity

to that statute, and culminated in the order appealed from, which was granted pursuant to sections 16 and 17 of the statute, which sections constitute the only and final steps to be taken by the court or a judge thereof in order to perfect the title conveyed by the county treasurer. We are not now concerned with the legality of this particular tax, or with the right of the assessors to make the assessment which resulted therein, or with the method pursued in making such assessment. The question before us relates solely to the method of enforcing the collection of unpaid taxes in Broome county.

The general tax law (Laws 1896, p. 795, c. 908, as amended) was enacted for the purpose of establishing generally a uniform procedure throughout the state. The scheme and plan thereby provided for the enforcement and collection of unpaid taxes is different from that which obtains under the act of 1892 applicable to Broome county. That the latter act was by implication repealed by the general tax law of 1896 is conclusively demonstrated by the case of Matter of Troy Press Company, 115 App. Div. 25, 100 N. Y. Supp. 516, decided by this court and affirmed by the Court of Appeals (187 N. Y. 279, 79 N. E. 1006), and nothing need be added to the opinions in that case.

This question as to the repeal of the act of 1892 was not raised in the court below, or at least was not discussed or specifically called to the attention of the learned county judge. The respondent now claims that such question has therefore been waived. A party may sometimes waive a statutory provision in his own favor; but that principle finds no application here, for the reason that the county judge was without jurisdiction to entertain the proceeding. The repeal of the act of 1892 obliterated it as effectually as though it had never existed, and left the county court without authority to act. The proceedings in that court were absolutely coram non judice. The order made is a nullity, and does not estop even a consenting party. Matter of Walker, 136 N. Y. 20, 29, 32 N. E. 633; People ex rel. Pulman v. Henion, 64 Hun, 471, 476, 19 N. Y. Supp. 488; Fiester v. Shepard, 92 N. Y. 251; Burk v. Ayers, 19 Hun, 17, 24.

The final order should be reversed, without costs, and the proceeding dismissed, without costs. All concur