(157 App. Div. 404.)

## CARROLL v. McARDLE, Town Sup'r.

(Supreme Court, Appellate Division, Second Department. June 20, 1913.)

1. TAXATION (§ 545*)—TAX LAWS—REPEAL.

 Gen. Tax Law (Laws 1896, c. 908) repeals by implication all special tax legislation, and repeals Laws 1874, c. 610, and the acts amendatory thereof, providing for the collection of unpaid taxes in the several towns of the county of Westchester.

 [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1018; Dec. Dig. § 545.*]

2. TAXATION (§ 615*)—TAX LAWS—REPEAL.

 Gen. Tax Law (Laws 1896, c. 908) § 94, providing that this article shall apply to all the cities or towns in so far as the matters herein provided for do not conflict with the special and local laws of such cities or towns, embodied in article 4 (sections 70–94), is expressly limited to that article, and does not apply to the provisions for sale of land for delinquent taxes governed by the provisions of article 6 (sections 120–143), modified only by section 158, declaring that the article shall not affect any law relating to the sale of real estate for taxes in any city, which indicates a legislative intent to repeal special acts governing the collection of unpaid taxes in towns, and such acts are repealed.

 [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1264; Dec. Dig. § 615.*]

On reargument. Judgment for plaintiff in accordance with the terms of submission.

For former judgment, rendered without opinion, see 155 App. Div. 912, 140 N. Y. Supp. 1112.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

---

William J. Fallon, of White Plains, for plaintiff.

Henry R. Barrett, of White Plains (Clinton F. Ferris, of Peekskill, Henry W. Smith, of New York City, Hugh A. Thornton, of Dobbs Ferry, Benjamin I. Taylor, of Port Chester, Joseph A. Green, of Ossining, Theodore M. Hill, of New York City, Arthur R. Wilcox, of Port Chester, William R. Condit, of White Plains, Winfield L. Morse, of New York City, and Frank L. Young, of Ossining, on the brief), for defendant.

Winfield L. Morse, of New York City, for town of Mt. Pleasant.

Theodore M. Hill, of New York City, for Town of Pelham.

Clinton F. Ferris, of Peekskill, for town of Cortlandt.

Arthur R. Wilcox, of Port Chester, for town of Rye.

RICH, J. This is a submission of a controversy under the provisions of sections 1279–1281 of the Code of Civil Procedure, and has been here before. Upon reconsideration we are of the opinion that our judgment was correct, and that the plaintiff is entitled to succeed.

[1] The question is whether the General Tax Law (Laws of 1896, c. 908) repealed by implication a special act of the Legislature (chapter 610 of the Laws of 1874) and the acts amendatory thereof, which provided for the collection of unpaid taxes in the several towns of the county of Westchester. I think it may be regarded as settled that the General Tax Law of 1896 repealed by implication all special tax legislation, and that the Legislature intended by the General Law to repeal by implication all local and special acts upon all subjects relating to taxation. Matter of Huntington, 168 N. Y. 399, 407, 61 N. E. 643; Pratt Institute v. City of New York, 99 App. Div. 525, 91 N. Y. Supp. 136, affirmed 183 N. Y. 151, 75 N. E. 1119, 5 Ann. Cas. 198; Matter of Troy Press Co., 187 N. Y. 279, 79 N. E. 1006; Cone v. Lauer, 131 App. Div. 194, 115 N. Y. Supp. 644, 1116. The case of Welstead v. Jennings, 104 App. Div. 179, 93 N. Y. Supp. 339, is claimed to be an authority in support of the contention that the special law relating to the collection of taxes in Westchester county was not repealed by the General Tax Law. That was an action brought to remove a cloud from plaintiff's title, a tax lease under the provisions of a special act (chapter 620, Laws 1873), which made conveyances presumptive evidence that all proceedings prior to the sale were regular. The defense interposed was that the provisions of chapter 217, Laws 1891, extended the provisions of chapter 427 of the Laws of 1855, and provided that the certificate of the Comptroller or county treasurer should be conclusive evidence of the regularity of all proceedings "from and after the expiration of two years from the date of recording such other conveyances or of four years from and after the date of issuing such other certificates," which it was claimed operated to provide a two-years statute of limitations in the case then under consideration, and the question of the repeal of special laws by implication was not presented, and it received no consideration.

The Welstead Case was affirmed, 185 N. Y. 588, 78 N. E. 1114, without opinion, but that decision cannot be regarded as overruling Matter of Huntington or Pratt Institute v. City of New York, supra. The Court of Appeals said in the Pratt Institute Case that:

"When a decision is made upon full consideration,. and judgment is rendered upon well-defined grounds, it cannot be regarded as overruled by a subsequent case in which no opinion was written and no ground of action stated. We do not overrule important authorities sub silentio."

Attention is called to Fulton v. Krull, 200 N. Y. 105, 93 N. E. 494, where the court stated that:

"The General Tax Law does not purport, specifically or directly, to repeal or modify the former statute [chapter 143 of Laws of 1892; Charter of the City of Niagara Falls], and, this being so, we think it is the rule that an intent will not be presumed on the part of the Legislature so to do in the case of a special act completely covering and providing for the matters. in question."

The Welstead Case is cited. The language in the Welstead Case seeming to sustain the contention is:

"The repeal of statutes by implication is not favored by the courts, and local or special acts governing any particular subject are not deemed to have been repealed unless such an intention is clearly manifest. People ex rel. Fleming v. Dalton, 158 N. Y. 175 [52 N. E. 1113]."

This case is cited in both the Huntington and Pratt Institute Cases, and I think it sustains the plaintiff's contention.

[2] It is also contended that the provisions of the special act relating to Westchester conflicting with the provisions of the General Tax Law were saved from repeal by implication by section 94 of the General Tax Law, which provides:

"This article shall apply to all the cities or towns of the state, in so far as the matters herein provided for do not conflict with the special and local laws of such cities or towns."

The difficulty with this contention is that it does not apply to any provision in the General Tax Law which is at variance with the special act. That section is expressly limited to the provisions of article 4. The provisions for a sale of land for unpaid taxes which are the subject of this litigation appear in article 6, and the only exception from its provisions is contained in section 158, article 7, which provides:

"This or the preceding article shall not affect any law relating to the sale of real estate for taxes in any city."

This section relates specifically to the provisions of the law covering the sale of lands for taxes, and by excluding cities only from its operation the intent of the Legislature to include all towns in the state seems to be manifest, and it is equally clear that it was intended to repeal the special act relating to towns in Westchester county, which after all is only a tax sale law limited to proceedings to be taken after the return of the warrant. It was not intended that the General Tax Law should be applicable in Westchester county so far as it relates to the assessment, and the proceedings up to and including the return of the warrant, and that its provision relating to subsequent proceedings for the collection should not apply.

I must therefore advise that judgment be awarded to the plaintiff in accordance with the terms of the submission.

Judgment for plaintiff, on reargument, without costs, in accordance with the terms of the submission. All concur.