Matter of the Application of ALBANY SYNDICATE for a Writ of Mandamus against DELMAR RUNKLE, as County Treasurer of the County of Rensselaer, N. Y.

(Supreme Court, Albany Special Term, August, 1917.)

Mandamus — when peremptory writ allowed — tax sales in Rensselaer county — city of Troy — county treasurers — real property— Tax Law, §§ 122, 157, 160.

The court in awarding a peremptory writ of mandamus will mould it according to the just rights of all the parties, and where the petition sets forth a substantial right the proceeding will not fail because the relator asks too much or mistakes to some extent the relief to which he is entitled.

By virtue of section 160 of the Tax Law (Laws of 1909, chap. 62) the provisions of articles 6 and 7 thereof do not affect any law relating to the sale of real estate for taxes in the city of Troy and the special statutory provisions under which county treasurers have conducted their tax sales, in Rensselaer county are still in force so far as the city of Troy is concerned and as to such sale a county treasurer is not required to give the notice to the comptroller required by section 157 of the Tax Law.

The special statutory provisions relating to sales for taxes in the county of Rensselaer outside of the city of Troy having been repealed by implication by chapter 908 of the Laws of 1896, as to such sales the county treasurer is required to give the notice to the state comptroller called for by section 157 of the Tax Law and to conduct the sale under the provisions of section 122 thereof.

A peremptory writ of mandamus allowed as to certain tax sales in all of the county of Rensselaer outside of the city of

Troy, including the city of Rensselaer created by chapter 359 of the Laws of 1897, and denied as to tax sales in the city of Troy.

APPLICATION for peremptory writ of mandamus.

Du Bois & McDermott, for relator.

Herbert F. Roy, for respondent.

NICHOLS, J.   The relator is a domestic corporation engaged in the business of the purchase of real estate and liens thereon, and since the year 1911 has extensively engaged in the business of buying parcels of land sold, by the county treasurer of Rensselaer and other counties in the state of New York, for the non-payment of taxes, levied and charged against such parcels and has purchased certain tax liens or conveyances for terms of years for which they were issued, sold by the county treasurer of Rensselaer county for the non-payment of taxes levied and charged against such parcels and is the owner in fee simple of various parcels of land in the city of Rensselaer and the towns and county of Rensselaer.

The respondent is the county treasurer of the county of Rensselaer.

The county of Rensselaer contains the city of Troy, a second class city, the city of Rensselaer, a third class city, and several towns.

The several county treasurers of the county of Rensselaer, subsequently to the passage and taking effect of chapter 236 of the Laws of 1860, as amended by chapter 321 of the Laws of 1866, have conducted sales of parcels of real estate situated in the said city of Troy and in the residue of Rensselaer county for the non-payment of said state and county taxes charged against said real estate, each parcel being sold for the lowest term of years at which any person

offered to take the same in consideration of advancing the sum necessary to discharge the taxes, interest and charges which were at the time of sale of said property then due, in conformity to the provisions of said chapter 236 of the Laws of 1860, as amended by chapter 281 of the Laws of 1874, which acts applied solely to the county of Rensselaer, and certificates were issued to such bidders in the form prescribed by said special acts, stating the term of years for which said parcels were sold and upon the non-redemption of said parcels, after compliance by the purchaser with the regulations of said treasurer and with the statute, tax leases for the term of years for which said parcels were sold were delivered to said purchaser; said practices continued since the passage of chapter 908 of the Laws of 1896, known as the Tax Law, down to the present time.

The respondent and his predecessors in office since 1896 have omitted to submit within the time prescribed in section 157 of the Tax Law to the state comptroller an accurate and complete list of all the lands in the county of Rensselaer to be advertised for tax sale by him and have conducted the tax sales without having submitted such lists, and on July 16, 1917, the relator made a written demand upon the respondent to prepare and transmit to the state comptroller the tax list mentioned in section 157 of the Tax Law and that the respondent at such sales conduct the same under the provisions of section 122 of the Tax Law and sell so much of each parcel described in the list and approved by the comptroller as will be sufficient to pay the taxes thereon, and for which the sale will be made, and upon the refusal of the respondent to conduct the said tax sales in conformity with the provisions of the Tax Law makes application for this peremptory writ of mandamus.

At the outset the court holds that the provisions of articles 6 and 7 of the Tax Law do not apply to the city of Troy. By section 160 of the present Tax Law which forms the last section of article 7 of the Tax Law it is provided: '' This or the preceding article shall not affect any law relating to the sale of real estate for taxes in any city.'' The present Tax Law constitutes chapter 62 of the Laws of 1909 and expressly repealed the former Tax Law which was chapter 908 of the Laws of 1896, and section 158 of the former Tax Law, which was a part of article 7 thereof, provided in exactly the same language that the provisions of said act should not affect any law relating to the sale of real estate for taxes in any city. In *Matter of Troy Press Co.,* 187 N. Y. 285, the court says: '' The provisions of the General Tax Law pertain to the sale and redemption of lands in the county outside of the city.'' And in the case of *Carroll* v. *McArdle,* 157 App. Div. 406, the Appellate Division in the second department says: '' The provisions for a sale of land for unpaid taxes which are the subject of this litigation appear in article 6, and the only exception from its provisions is contained in section 158, which is in article 7, and which provides: ' This or the preceding article shall not affect any law relating to the sale of real estate for taxes in any city.' This section relates specifically to the provisions of the law covering the sale of lands for taxes, and by excluding cities only from its operation the intent of the Legislature to include all towns in the State seems to be manifest.'' Therefore, the provisions of the special acts under which the county treasurers have conducted their tax sales in Rensselaer county are, as far as the city of Troy is concerned, still in force and are not repealed by implication or superseded by

the provisions of chapter 908 of the Laws of 1896, known as the Tax Law, nor did the provisions of chapter 182 of the Laws of 1898, which by section 308 only apply to sales for city taxes or assessments for local improvements upon real estate, and the addition of a new section, 313, added by the amendment of chapter 581 of the Laws of 1899 providing how the notices for tax sales for unpaid state and county taxes should be published and providing how the notices of redemption be published, repeal by implication or affect tax sales held in the city of Troy, except as to the newspapers in which such tax sales and notices of redemption are required to be published pursuant to the decision of the Court of Appeals in *Matter of Troy Press Co., supra.*

The city of Rensselaer was created by chapter 359 of the Laws of 1897, being subsequent to the enactment of chapter 908 of the Laws of 1896. The statutes in relation to the sale of real property in the city of Rensselaer for unpaid taxes are the same as those in force for Rensselaer county, outside of the city of Troy.

This court holds upon the authority of the Court of Appeals in *Matter of Troy Press Co., supra* (cited and approved in *Peterson* v. *Martino,* 210 N. Y. 417), that the provisions of the General Tax Law pertain to the sale and redemption of lands in the county of Rensselaer outside of the city of Troy.

Therefore, we have this situation that tax sales of real property in the city of Troy must be made by the county treasurer under the provisions of the special acts heretofore referred to, that as to such sales the said county treasurer is not required to give the notice to the comptroller required by section 157 of the Tax Law, and that such sales shall be for the

lowest term of years that any person will bid for the same, and certificates are to be issued to such bidder in the forms prescribed by the said special acts. That as to real property sold for taxes in the county of Rensselaer outside of the city of Troy the provisions of the special acts have been repealed by implication by chapter 908 of the Laws of 1896 and that as to such sales the county treasurer is required to give the notice to the state comptroller called for by section 157 of the Tax Law and to conduct the sale under the provisions of section 122 of the Tax Law, selling so much of each parcel as will be sufficient to pay the taxes thereon for the years the taxes of which said sales shall be made, with the interest and charges thereon, and in case of non-redemption thereof to execute to the purchaser the conveyance provided by section 154 of the Tax Law; in other words to conduct such sales under the provisions of articles 7 and 8 of the Tax Law.

The relator having set out a substantial right in the petition, the proceeding will not fail because the relator asks for too much or mistakes to some extent the relief to which he is entitled. The court in awarding the peremptory writ will mould it according to the just rights of all the parties. *People ex rel. Keene* v. *Supervisors,* 142 N. Y. 278.

For these reasons the peremptory writ of mandamus applied for must be allowed as to tax sales in all of the county of Rensselaer outside of the city of Troy, including the city of Rensselaer, and denied as to tax sales in the city of Troy. No costs are allowed.

Ordered accordingly.