FRANCIS F. BUDD, Respondent, v. ALEXANDRO FRANCO, Appellant, Impleaded with THE CITY OF UTICA.

Fourth Department, December 22, 1920.

Taxation — board of supervisors of Oneida county acquired title in fee to lands purchased by them at county tax sale — special tax law applicable to Oneida county not repealed by General Tax Law — said property exempt from city taxes — sale for city taxes passes no title — purchaser from county entitled to have city tax sale deed set aside.

The board of supervisors of Oneida county acquired title in fee under chapter 559 of the Laws of 1902 to the land in question which was purchased by them at a county tax sale and later deeded to them by the county treasurer.

Said property was thereafter, by virtue of said statute, exempt from all city taxes assessed against it by the city of Utica.

Said statute was not repealed by the General Tax Law enacted in 1909 either directly or by implication.

The tax deed of the defendant, executed by the city treasurer of Utica under a sale for the collection of taxes so improperly levied after the county had acquired title, is void and passed no title, and this action to set aside the deed was properly and seasonably brought under section 132 of the General Tax Law.

The said tax deed from the city to the defendant conveyed no title and being a cloud on plaintiff's title, acquired from the county, was properly set aside and canceled.

APPEAL by the defendant, Alexandro Franco, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 8th day of May, 1920, upon the decision of the court rendered after a trial at the Oneida Special Term.

*Timothy Curtin,* for the appellants.

*Perry & Arthur,* for the respondent.

CLARK, J.:

This action is brought to set aside a certain tax deed dated May 4, 1917, and recorded in the Oneida county clerk's office on the same date. The deed was made and executed by the treasurer of the city of Utica to the defendant Alexandro Franco, and it is sought to be set aside on the ground that it is a cloud on plaintiff's title, and is null and void. The trial court adjudged that said deed was based on a void assessment and sale for unpaid city taxes, and directed that it be canceled of record.

The property in question is a vacant lot in the city of Utica. One Gilbert N. Lehr purchased the property in June, 1898. Lehr and his successors in title paid no county taxes thereon, and the county duly sold the lot at county tax sale in December, 1902, and on December 22, 1903, the county treasurer deeded said lot to the board of supervisors of Oneida county, the purchaser at said sale, and the deed was recorded in the Oneida county clerk's office December 19, 1904.

On the 5th day of September, 1918, the board of supervisors

of said county conveyed the property in question to Gilbert N. Lehr, by deed, which was recorded in the Oneida county clerk's office September 24, 1918.

On the 23d day of September, 1918, said Lehr and wife conveyed the property to plaintiff by quitclaim deed, which was recorded in the Oneida county clerk's office the next day.

It is the contention of plaintiff that when the board of supervisors of Oneida county purchased and received from the county treasurer a deed of the property in December, 1903, the county became the owner of the property in fee simple, and it was absolutely exempt from all taxes while the county owned it, and that, therefore, defendant Franco, who claims title to the lot under a tax deed from the treasurer of the city of Utica, executed May 4, 1917, made in pursuance of a tax sale for unpaid city taxes, has no title to the property because it was owned by the county of Oneida when the city tax sought to be collected was levied, and was at the time exempt from such tax, or any tax.

Chapter 559 of the Laws of 1902 is a general tax law for Oneida county. Its title is, " An Act in relation to the enforcement and collection of taxes in the county of Oneida," and it is the law under which all taxes in Oneida county have been enforced and collected since its enactment. By its express provisions when the board of supervisors has acquired title in fee to any lands sold for taxes in the county, such lands are exempt from all taxes while owned by the county. (Laws of 1902, chap. 559, § 6.) The city taxes in question were levied when the county held title in fee to the property, and if the Oneida County Tax Law of 1902 was in force at that time, the city tax on the property was improperly levied because of such exemption, and defendant's tax deed would be ineffectual to pass title.

But defendant asserts that chapter 559 of the Laws of 1902 was repealed by sections 3, 150, 152 and 153 of the General Tax Law enacted in 1909 (Consol. Laws, chap. 60; Laws of 1909, chap. 62). We do not think so. These sections are not inconsistent with and repugnant to the provisions of the Oneida County Tax Law (Laws of 1902, chap. 559), and that statute is not specifically repealed by the General Tax Law of 1909, and no such repeal can be presumed. (*Russell* v. *Di Furia,*

83 Misc. Rep. 169; *Welstead* v. *Jennings*, 104 App. Div. 179; *Fulton* v. *Krull*, 200 N. Y. 105.)

The legislative intent to have the Oneida County Tax Law survive the General Tax Law of 1909 is clearly shown by the fact that it was amended and broadened by chapter 474 of the Laws of 1918, wherein the clause of section 6 exempting from all taxes property acquired by the county on a tax sale, when so owned, is distinctly preserved. Section 8 of the act of 1902, relating to the redemption of lands sold for taxes, was amended by chapter 111 of the Laws of 1920.

The Oneida County Tax Law (Laws of 1902, chap. 559) was not repealed either specifically or by implication by the General Tax Law of 1909, but was in full force when the city authorities of Utica attempted to levy taxes on the property in question, and inasmuch as by the express terms of the Oneida County Tax Law such property was exempt from all taxes, the county at that time having title in fee thereto, the taxes attempted to be levied by the city authorities were improperly and illegally levied, and the tax deed of defendant Franco, executed by the city treasurer in pursuance of a sale for the collection of taxes so improperly levied, conveys no title, and is void, and this action is properly and seasonably brought under section 132 of the General Tax Law. (*Doud* v. *Huntington Hebrew Congregation*, 178 App. Div. 748.)

The taxes assessed or levied by the county of Oneida, or the city of Utica, on the property in question, while the title to the property was in the board of supervisors under its tax deed dated December 22, 1903, and all tax sale certificates and tax deeds executed either by the county of Oneida or the city of Utica, based on taxes or assessments made and levied while the board of supervisors held title to said property, were void.

The board of supervisors of Oneida county under its tax deed dated December 22, 1903, held title in fee to the property in question until September 5, 1918, when it sold the property by deed to Lehr, plaintiff's immediate predecessor in title. During that time the property was absolutely exempt from all taxes. (Laws of 1902, chap. 559, § 6, as amd. by Laws of 1918, chap. 474.)

The tax deed given by the city of Utica through its treasurer

to defendant Franco, being based upon an assessment for unpaid city taxes illegally levied while the county had title in fee to the property, conveyed no title, and is a cloud upon plaintiff's title to the property, which the trial court directed to be set aside and canceled, and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed, with costs.