FLORENCE J. SWEENEY, Plaintiff, *v.* CITY OF ROME, Defendant.

Supreme Court, Special Term, Oneida County, December 6, 1947.

*Johnson D. McMahon* for plaintiff.

*William J. Powers, Jr., Corporation Counsel (Dominick J. Parry* of counsel), for defendant.

CROSS, J. This is an action in equity to remove a cloud upon title to real estate.

The real estate in question is a parcel of land in the city of Rome and was sold to the County of Oneida for unpaid taxes for the year 1935, at county tax sale on January 12, 1937.

The Oneida County Treasurer on February 24, 1938, deeded said real property to the County of Oneida in consummation of the said sale for the unpaid 1935 taxes. No question is raised as to the regularity of the deed to Oneida County. The real property was again sold for unpaid taxes for the year 1936 at county tax sale, January 18, 1938, and thereafter and on February 28, 1939, this sale was consummated by a deed to the County of Oneida from the County Treasurer. In May, 1941, the County of Oneida deeded this real property to plaintiff. The title to the property is clouded by the claims of the City of Rome, arising out of alleged tax liens and sales to it at tax sale for unpaid city taxes for the years 1934 to 1941, both inclusive. The provisions of the statutes applicable to the facts of the instant action are clear and have been given judicial construction in *Pickell* v. *City of Utica* (161 App. Div. 1, affd. 216 N. Y. 740).

The court said in *Pickell* v. *City of Utica* (*supra*) at page 3:

" The deeds under which plaintiff claims were given pursuant to chapter 559 of the Laws of 1902, which provides for the publication of notice of sale, the filing of proof of due publication, the time and manner of redemption, the publication of notice of redemption and the filing of proof thereof, than which ' no other, further or different notice of the expiration of the time to redeem shall be required to be published, served upon or given to any person whatever.'

" Section 9 then provides as follows: ' If such real estate sold for taxes, or any portion thereof, be not redeemed as herein

provided, the county treasurer shall execute to the purchaser, his heirs or assigns, a conveyance of the real estate so sold, and unredeemed, which shall vest in the grantee an absolute estate in fee, free from all liens, claims and encumbrances of every name and nature whatsoever subject only to such claims as the State of New York and county of Oneida may have thereon for taxes or other liens.'

" Section 10 also provides for the execution of a conveyance by the treasurer and further provides that ' every such conveyance shall vest in the grantee an absolute estate in fee simple, subject to all claims which the State may have thereon for taxes or other liens or encumbrances,' etc.''

The County of Oneida having obtained title in fee to the real property here involved by deed dated February 24, 1938, and the City of Rome having failed to preserve its interests in the property in question by payment of the county taxes within the statutory period, its existing tax liens were extinguished.

Now, taking up the claimed tax liens of the City of Rome after the first conveyance in fee to Oneida County, which tax liens were sought to be imposed during the period the county owned the property, in *Budd* v. *Franco* (194 App. Div. 803, 806) the court held that:

" The legislative intent to have the Oneida County Tax Law survive the General Tax Law of 1909 is clearly shown by the fact that it was amended and broadened by chapter 474 of the Laws of 1918, wherein the clause of section 6 exempting from all taxes property acquired by the county on a tax sale, when so owned, is distinctly preserved. Section 8 of the act of 1902, relating to the redemption of lands sold for taxes, was amended by chapter 111 of the Laws of 1920.

" The Oneida County Tax Law (Laws of 1902, chap. 559) was not repealed either specifically or by implication by the General Tax Law of 1909 * * *.''

The Oneida County Tax Law (L. 1902, ch. 559, as amd.) was in full force and effect when the city authorities of Rome attempted to levy taxes on the property in question, and inasmuch as by the express terms of the county tax law such property was exempt from all taxes, the county at that time having title in fee thereto, the taxes attempted to be levied by the city authorities were improperly and illegally levied, and the tax certificates of the City of Rome, executed by the City Treasurer in pursuance of a sale for the collection of taxes so improperly levied, conveys no right or title and are void.

Under the controlling authority, of *Budd* v. *Franco* (*supra*) the court holds in the instant action that the taxes assessed or levied by the County of Oneida and the City of Rome, on the property in question, while the title to the property was in the County of Oneida under its tax deed dated February 24, 1938, and all tax sale certificates and tax deeds executed either by the County of Oneida or the City of Rome, based on taxes or assessments made and levied while the County of Oneida held title to said property, were void.

The County of Oneida under its tax deed dated February 24, 1938, held title in fee to the property in question until May 10, 1941, when it sold the property by deed to plaintiff. During that time the property was absolutely exempt from all taxes. (L. 1902, ch. 559, § 6, as amd. by L. 1918, ch. 474.)

Decree granted plaintiff in accordance with the foregoing opinion.