# Cases

DETERMINED IN THE

# SECOND DEPARTMENT

AT

# GENERAL TERM,

## June, 1888.

LUCY MARIA TERREL, Plaintiff, *v.* NANCY B. WHEELER and Others, Defendants.

*Brooklyn arrears of taxes acts* — 1883, *chap*. 114; 1885, *chap*. 163.

An owner whose land has been sold for taxes, pursuant to the provisions of the act chapter 114 of the Laws of 1883, as amended by chapter 163 of the Laws of 1885, the tax arrears laws of Brooklyn, is not in a position to claim that said acts are unconstitutional as being an unlawful delegation of the right of taxation to a board of commissioners. Such laws simply contemplate a reduction in an already existing valid tax, and the law is for the benefit of the owner and is designed to collect a less sum in lieu of a greater one legally existing as a charge against his land.

The arrear tax is not a new tax but the abatement of an old one.

Exceptions taken by the defendant on the trial of this case ordered to be heard in the first instance at the General Term, after the direction of a verdict in favor of the plaintiff at the Kings County Circuit.

The action was brought for the recovery of real property situate in Hudson avenue, in the city of Brooklyn. The lot in question was sold on the 18th day of March, 1885, by the registrar of arrears of taxes in the city of Brooklyn, to the plaintiff, for a tax levied under what is known as the arrears law (chap. 114 of the Laws of 1883, as amended by chapter 163 of the Laws of 1885).

*James & Thomas H. Troy*, for the appellant.

*J. Stikeman* and *J. J. Townsend*, for the defendants.

BARNARD, P. J. :

The argument against the constitutionality of the arrears law of Brooklyn rests principally upon the lack of power in the legislature to delegate the right of taxation to a board of commissioners.

The legislative power of taxation is very great, and the right to delegate it to towns, villages and municipal agencies is constantly practiced and recognized, and has been for many years. The assessors of the city of Brooklyn are a city agency in respect to taxation, and I do not understand the appellant to question the legality of a tax imposed upon real property through the regular action of this board of assessors. If the arrears of taxes were legally imposed, then the delegation of the authority to remit a portion of the tax so in arrears can in no proper sense be deemed an imposition of the tax. The tax was imposed and was unpaid, and the land-owner is in no position to object to the reduction of a legal tax. The law apparently is for his benefit and is designed to collect a less sum in lieu of a greater one legally existing against the land. The arrear is not a new tax but an abatement of the old ; and the argument that the legislature cannot delegate the power of taxation to a commission has no relevancy or force. No additional obligation could be imposed by the commission. The law is not liable to objections in other respects. It provides for a hearing even when the proposal is to reduce the amount to be paid by the land. The right to sell follows the right to tax at all. It provides for a list of the conclusions of the commission and for its delivery to all applicants, and it provides for redemption after sale for twelve months. It requires a notice of the sale to be given to every record owner or person interested in the title by mortgage thereon. A great indebtedness of the city of Brooklyn, occasioned by the default of those who were assessed for their property, could not be met by a more humane law, both in its justice and in the provisions for its execution

Judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Exceptions overruled, and judgment for plaintiff upon the verdict.