WILLIAM AUGUSTUS WHITE, Plaintiff, *v.* GEORGE S. WHEELER and Others, Defendants.

*The legislature has power to make a deed, given to a purchaser at a tax sale presumptive evidence of a good and sufficient title.*

In an action, brought for the recovery of real estate in the city of Brooklyn, the plaintiff's title was founded upon a sale of the premises described in the complaint for the non-payment of taxes, under chapter 114 of 1883, which provides that the purchaser "shall take a good and sufficient title in fee simple absolute to the property sold of which the said deed shall be presumptive evidence."

*Held,* that the legislature had power to make the said deed presumptive evidence, and that the plaintiff was, therefore, bound to produce nothing but his deed from which his title was to be presumed to be valid.

Motion for a new trial upon exceptions taken by the defendants upon the trial of this action at the Kings County Circuit, which were ordered to be heard in the first instance at the General Term of this court after a verdict of the jury had been rendered in favor of the plaintiff by the direction of the court.

This is an action of ejectment, the plaintiff claiming, as owner, to obtain possession of four lots of land situate in the city of Brooklyn, and damages for withholding the same. The answer of the defendant Wheeler denied the ownership of the plaintiff and his right of possession, and admitted that the defendant claimed title to the premises, and that the other defendants are and were at the commencement of the action tenants in possession of the premises under the defendant Wheeler. The cause was tried at the Kings County Circuit, and at the close of the testimony the court directed a verdict for the plaintiff and ordered that the defendant's exceptions be heard in the first instance at the General Term.

*Morse, Low & Wallace,* for the plaintiff.

*John J. Townsend,* for the defendant.

Barnard, P. J. :

It is provided by chapter 114, Laws of 1883, section 4, under which the sale in question was made, that the purchaser "shall take a good and sufficient title in fee simple, absolute, to the property sold, of *which the said deed shall be presumptive evidence.*" The objection

that it was not in the power of the legislature to so declare is not good. The power has been usually exercised in official sales for taxes. The same provision exists as to a State comptroller's deed, except that the words are absolute " shall vest in the grantee an absolute estate in fee simple." (2 R. S., [Bank's 7th ed.], 1028, § 63.)

The Court of Appeals made no question of the power of the legislature, but permitted proof of irregularities to destroy the conveyance. (*Johnson* v. *Elwood*, 53 N. Y., 431.) Chapter 65, Laws of 1878, and chapter 260, Laws of 1881, make similar deeds on tax sales evidence of title. The present law makes the deed presumptive evidence of title, thus in words making the conveyance conform, in legal effect, to the decision of the Court of Appeals as to deeds where the words are absolute, as to the transfer of title. The plaintiff is, therefore, bound to prove nothing but his deed, and his title was presumed. If he was to prove the negative as to the nonpayment of the tax to authorize the sale, the presumption of the deed is of no value to him. The uniform presumption is in favor of the performance of official duty. In the absence of proof to the contrary, the sale will and must be deemed to be based upon an existing arrear. The proof shows that there had been a ward map before this assessment was levied and that a new one had been made. The charter requires that all assessments must refer " to said maps." The charter referred to maps " made or to be made," and required, further, that they should remain with the assessors. The old map referred to these lots by one designation and number, and the new map referred to them by different numbers, but according to the number on the new map. There was no necessity for the assessors to refer to both maps; both maps were in the office but only one was used as a basis for assessment, and that was in the assessor's office for reference for any taxpayer. A reference to any former map is not required by the charter. The case shows that the board of assessors made their certificate and delivered the same to the register of arrears. The advertisement of sale, by the terms of the act, must state the ward in which the property to be sold is situate, but shall state that further particulars could be obtained at the register's office, " and it shall not be necessary to include any further particulars of the property to be sold."

If the land was assessed properly, and the arrears properly

determined and advertised properly, it is of no moment that the register, as a further description to that given by the map numbers which was contained in his certificate, also added the number of feet in a named street.    It was an addition to the certificate required by law, and designed to aid the taxpayer by giving a more specific description.    The evidence of the rental value was proper under section 1531 of the Code.    The question of the validity of the arrears law was decided at the September Term of this court in the case of *Terrel* v. *Wheeler* (49 Hun, 262).    We held in that case that the act was not in violation of the Constitution ; and, until the Court of Appeals pass upon the question, that conclusion is controlling in all actions involving the validity of the principles of the act itself.

The exceptions should be overruled and the plaintiff have judgment on the verdict, with costs.

PRATT, J., concurred.

Exceptions overruled and judgment for the plaintiff on the verdict.