## CONE v. LAUER.

(Supreme Court, Special Term, Suffolk County.   April, 1908.)

1. TAXATION (§ 420*)—ASSESSMENT—DESCRIPTION OF PROPERTY.

   Where property assessed for taxation can be identified from the description in the assessment roll, such description is sufficient.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 711; Dec. Dig. § 420.*]

2. TAXATION (§ 421*)—ASSESSMENT ROLL—FAILURE TO DESIGNATE PROPERTY BY NAME OR NUMBER.

   An assessment for taxation is not invalid because of failure to designate the land by the name many years before applied to a much larger tract of which the land assessed was a part, or to give the number of the lot under which the early settler drew it in some colonial allotment.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 731; Dec. Dig. § 421.*]

3. TAXATION (§ 431*)—ASSESSMENT ROLL—CERTIFICATION.

   The failure to certify that the tract of land assessed for taxation was not subdivided does not render the assessment invalid.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 741; Dec. Dig. § 431.*]

4. TAXATION (§ 414*)—ASSESSMENT ROLL—NAMES OF OWNERS.

   The entry in an assessment roll of names and addresses of persons in the column "Remarks" does not constitute an assessment of the property to such individuals nor affect the validity of the assessment; the entry appearing to be merely a memorandum to aid in the collection of the taxes.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 691; Dec. Dig. § 414.*]

5. TAXATION (§ 93*)—VALIDITY OF ASSESSMENT—INTEREST OF NONRESIDENT.

   An assessment of an individual interest of a nonresident is void.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 182; Dec. Dig. § 93.*]

6. STATUTES (§ 162*)—REPEAL OF SPECIAL BY GENERAL ACT—TAXATION.

   The general tax law (Laws 1896, p. 795, c. 908) repeals by implication the special acts of Laws 1873, p. 944, c. 620, and Laws 1875, p. 71, c. 80, relating to taxation in Suffolk county.

   [Ed. Note.—For other cases, see Statutes, Cent. Dig. § 235; Dec. Dig. § 162.*]

7. TAXATION (§ 803*)—TAX DEED—PRESUMPTION AS TO VALIDITY.

   Under the direct provisions of Laws 1896, p. 481, c. 908, § 131 (General Tax Law), relating to the presumptions in favor of the regularities of the proceedings on which a tax deed is based after two years from the date of such deed, the title of the grantee is absolute.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1588; Dec. Dig. § 803.*]

Action by John J. Cone against Addie A. Lauer.   Judgment for defendant, dismissing the complaint, with costs.

Affirmed on appeal, 115 N. Y. Supp. 1116.

De Groot, Kenyon & Huber, for plaintiff.

George R. Bristor, for defendant.

JAYCOX, J.   This action is brought to remove a cloud upon the title of the plaintiff.   The alleged cloud is a tax deed made by the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

county treasurer of the county of Suffolk, dated October 13, 1903. This deed purports to be made pursuant to a tax sale made by said county treasurer in the month of October, 1901, for the taxes of the year 1900. The defendant claims title to the premises under said deed. The plaintiff claims that the assessment of said property was invalid, and that the sale thereunder was void. This is disputed by the defendant, who also claims that, even though the assessment and sale be held to be invalid, the plaintiff cannot now raise such question by reason of the limitation contained in the tax law. Chapter 908, p. 795, Laws 1896.

The first defect claimed in the assessment is the description of the property in the assessment roll. While this description may not be as full and complete as a careful conveyancer would put in a deed, still I think it amply sufficient to identify the property. The description from the assessment roll was read to the plaintiff and he identified it as his property. A description sufficient to enable him to do this answers the very purpose for which, under the statute, it is inserted. In plaintiff's chain of title is one deed in which the description is the same as that in the assessment roll. Plaintiff had from it no difficulty in identifying his premises and no doubt that it conveyed the premises.

The next defect alleged in the assessment is the failure to designate this tract by its proper name. The evidence would indicate that this tract, with a vast tract of other land in that vicinity, was once known as Halsey's Manor. This was a name which attached to the property many years ago, probably by reason of the extent of the tract, and its having been owned by some person by the name of Halsey. During the seventeenth century the King of England granted large tracts of land somewhere in this vicinity to individuals, and designated them as "manors," and it is quite probable that, when this large tract of land came to be owned by some person by the name of Halsey, it was called Halsey's Manor by reason of its extent, but there is no proof that it ever was in any way named Halsey's Manor. Apparently at some later time this large tract of land was divided as, according to some of the descriptions, it is in the North Division of Halsey's Manor. This division, probably for the purpose of partition, was some time later allotted; this being at that time a common method of dividing these large tracts of unproductive barren lands. The size of these lots is illustrated to some extent by the fact that the premises in question here contain 800 acres, and is only a part of one of these lots. This name, Halsey's Manor, I think cannot be considered as the name intended by the statute. There is no proof, except as contained in plaintiff's own deeds, that the property is known or called by such name. The name "Halsey's Manor," therefore, did not apply simply to the premises now under consideration, but it applied to a much larger tract. It was, in fact, so large in extent that it is more than probable that many villages are now located within its boundaries, and to now insist that all property in it should be assessed under that name would defeat the very purpose of the statute. The identity of the property would be completely hidden. Further than this, very little property could be found in this county that at some time did not have

some such name as is applied to this. In the years immediately succeeding the grant of these large tracts of land, they were undoubtedly known to some extent by a name which had reference to the name of the grantee, but, as they were sold off and occupied by other parties, these names were forgotten and abandoned. This particular tract, by reason of the fact that it is still unimproved, has been conveyed by deeds which sometimes referred to it as a portion of Halsey's Manor, but this does not in my opinion make it mandatory that the assessors should carry such name upon their assessment rolls.

Then, as to the contention of the plaintiff that this is a tract which has been subdivided, I do not think the statute was intended to apply to subdivisions such as this; I do not think that this tract is subdivided within the meaning of the statute. If this is a subdivision, then there is no question but that the larger part of the land in Suffolk county has been subdivided, and has at some time had a lot number. When the lands in the county were divided, the lots, for the purposes of division, were given numbers, and those entitled to share in such lands drew numbers, and the drawer received the particular tract of land bearing the number drawn by him. Nearly all the land in the county was thus disposed of. As time passed, these lots have been divided and subdivided, and the names and numbers are known only to the antiquarian and the searcher of titles. In this case a witness for the plaintiff testified that he had once seen a map of Halsey's Manor, but it was not produced, and it was admitted by him that it was not among the maps filed in the county clerk's office, according to which conveyances are made. It appears that many years ago, for the purpose of partition, a map was made. I do not think this affords a basis for the claim that the lands have been subdivided, and I do not think the assessors are required to make a more extensive examination than the searcher of titles before they can omit the name by which a tract of land was once known or the number under which the early settler drew it in some colonial allotment.

The failure to certify that the tract in question was not subdivided is at most a mere irregularity, and not a jurisdictional defect, and would be cured by the tax law of 1896, whether that be considered as a curative statute or a statute of limitations.

The entry in the last column of the assessment roll of the names or words "Osborne, William G. Estate, Riverhead, John J. Cone, 80 Broadway, New York," was under the head of "Remarks," and did not, I think, constitute an assessment to an individual. The assessment was complete without it. It was not entered in any column where a part of the assessment was required to be put. It had no more significance than a number or any other memorandum to aid the collector would have had. It was very proper and greatly to the owner's advantage that the collector should have a memorandum of the name and address of the owner, and that this memorandum should be entered in the book right with the assessment where there would be no mistake and no confusion. I do not think it can be seriously contended that the assessors intended to assess to two separate and distinct owners at the same time. I think it was merely a memorandum

to aid in the collection of the taxes. The proof as to the failure to file the proofs of publication was not such as to satisfy me that such proofs had not been filed. The requirement as to mentioning in the deed whose title is sold can hardly apply to the sale of the land of a nonresident for then the interest of no individual is assessed or sold. The land itself is sold, not the title of some individual therein. Any attempt to assess any individual interest, where such individual is a nonresident, would vitiate the assessment.

However any of the defects claimed by the plaintiff to exist be viewed by the court, still the defendant claims that under the statute now in force the tax deed above mentioned vests in him good title to the premises in dispute. He contends that the general tax law (chapter 908, p. 795, Laws 1896) repeals by implication the special acts relating to Suffolk county. Chapter 620, p. 944, Laws 1873; chapter 80, p. 71, Laws 1875. This contention in my opinion is well founded. This law was prepared by a commission appointed for that purpose, and was intended as a codification and revision of all existing laws upon the subject. Under these circumstances, the authorities are unanimous in holding that the special acts relating to the same subject are thereby repealed, although not mentioned in the repealing clause of the statute. In addition to this, the act in question has been before the courts a number of times for interpretation, and it has been held that it had this effect. Matter of Troy Press, 187 N. Y. 280, 79 N. E. 1006; Troy Press Co. v. Mann, 115 App. Div. 30, 100 N. Y. Supp. 516; Pratt Institute v. City of New York, 183 N. Y. 151, 75 N. E. 1119; Matter of Huntington, 168 N. Y. 407, 61 N. E. 643; Catholic Union v. Sayles, 32 App. Div. 204, 53 N. Y. Supp. 65, affirmed upon opinion below in 157 N. Y. 679, 51 N. E. 1092.

The contention of the defendant is that, if the general statute has repealed the special statutes which apply to Suffolk county, then section 131, p. 841, General Tax Law 1896, is a statute of limitations which has run upon the sale herein, and that all and any defects which may have existed in the assessment and sale of this property are thereby obliterated. The court being of the opinion that the general tax law has worked a repeal of the special acts relating to Suffolk county, it must necessarily apply to the controversy the provisions of the general tax law. By sections 154 and 157 it is provided that the purchaser shall by virtue of the deed to him possess and enjoy for his own use the real estate described in such conveyance, and the provisions of article 6, embracing section 131 of the act, are made applicable to county treasurer's deed. This section (131) provides that such deed "shall be presumptive evidence that the sale and all proceedings prior thereto, from and including the assessment of the land sold, and that all notices required by law to be given previous to the expiration of the time allowed by law for the redemption thereof, were regular and in accordance with all the provisions of law relating thereto. After two years from the date of such conveyance such presumption shall be conclusive." This provision has been held to be a statute of limitations. Meigs v. Roberts, 162 N. Y. 371, 56 N. E. 838, 76 Am. St. Rep. 322; Jackson v. Rowe, 106 App. Div. 66, 94 N. Y. Supp. 568.

affirmed in the Court of Appeals, 191 N. Y. 512, 84 N. E. 1114. More than two years having elapsed since the making of the deed in suit, the statute of limitations has run thereon, and the defendant's title has become absolute.

The defendant is entitled to judgment dismissing the complaint, with costs.