(172 App. Div. 793)

## SMITH et al. v. RUSSELL.

(Supreme Court, Appellate Division, Fourth Department. May 3, 1916.)

1. HUSBAND AND WIFE ☞14(2)—"TENANTS BY THE ENTIRETY."

A conveyance to parties as husband and wife makes such parties the owners of the premises as "tenants by the entirety."

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 73, 74: Dec. Dig. ☞14(2).

For other definitions, see Words and Phrases, First and Second Series, Entirety, Estate by.]

2. HUSBAND AND WIFE ☞14(2)—TENANTS BY THE ENTIRETY—NATURE OF ESTATE.

The interest of a tenant by the entirety is not an undivided half interest, but each tenant is the owner of the whole or entire premises; each owning such premises per tout et per my, each owning the whole and every part.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 73, 74; Dec. Dig. ☞14(2).]

3. TAXATION ☞415—ASSESSMENT—TENANTS BY THE ENTIRETY—STATUTE.

Tax Law (Consol. Laws, c. 60) § 9, provides that, when real property is owned by a resident of a tax district in which it is situated, it shall be assessed to him, that in all cases the assessment shall be deemed as against the realty itself, and that the property itself shall be liable to sale for any tax levied upon it; and section 63 provides that an error in the name of the owner or occupant shall not render the assessment or the tax invalid, and that the board of supervisors of each county may, before levying the tax, at the request of a supervisor of the district in which the realty is situated, correct any errors in the assessment. Residence property owned by a husband and wife as tenants by the entirety was assessed to the husband alone. *Held*, that the assessment was regular, and sufficient to authorize a sale and conveyance of the entire fee of the premises.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 695–698, 700–703; Dec. Dig. ☞415.]

4. TAXATION ☞757—TAX DEED—ASSESSMENT—STATUTE.

In such case the fact that the tax deed stated that, "so far as it appears from the record, the title and interest thereby conveyed is the title and interest of Joseph Huson," the husband, did not restrict the force of the assessment to him alone, as Tax Law, § 154, providing that, where realty sold by the county treasurer is not redeemed, the treasurer shall execute to the purchaser a conveyance of the realty sold, the description of which shall include a specific statement of whose title and interest is thereby conveyed, so far as it appears on the record, was not intended to limit the fee which the purchaser received, but to identify the property purchased.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1507; Dec. Dig. ☞757.]

5. EVIDENCE ☞83(1)—PRESUMPTION—OFFICIAL ACTS.

Tax Law, § 82, requiring that the collector's return be in the form prescribed by the state board of tax commissioners, it would be presumed that a collector used the form furnished him for that purpose.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 105; Dec. Dig. ☞83(1).]

6. TAXATION ☞559—COLLECTIONS—STATEMENT OF FAILURE TO COLLECT.

A collector's statement that the tax on property sold was unpaid, and that he had not been able with diligent inquiry to discover any personal

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

property out of which it could be collected by levy and sale, was a sufficient reason for failure to collect.

. [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1081; Dec. Dig. ⊚⟹559.]

7. TAXATION ⊚⟹559—TAX DEED—CERTIFICATE.

Tax Law, § 100, requiring a certificate of the county treasurer that he has examined and compared the account of unpaid taxes with the assessment roll and found it to be correct, relates to proceedings for sale by the state comptroller, and has no application to sales conducted by the county treasurer himself.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1081; Dec. Dig. ⊚⟹559.]

Kruse, P. J., and Lambert, J., dissenting.

Appeal from Equity Term, Cattaraugus County.

Action by Charles W. Smith and others against U. B. Russell. From a judgment for defendant, plaintiffs appeal, and defendant takes a cross-appeal. Modified and affirmed.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, MERRELL, and DE ANGELIS, JJ.

Henry Donnelly, of Olean, for plaintiffs.

Hastings & Larkin, of Olean (George A. Larkin, of Olean, of counsel), for defendant.

MERRELL, J. This action is brought to set aside a tax deed issued to the defendant by the county treasurer of Cattaraugus county, and to remove the cloud upon plaintiffs' title in a certain parcel of real estate in the city of Olean.

[1] The premises in question, early in January, 1911, were owned by one George Lampack and wife, of the city of Olean, and prior to January 16, 1911, were conveyed by said Lampack and wife by warranty deed to Joseph A. Huson and Alta G. Huson, as husband and wife. By such conveyance Huson and wife became the owners of said premises as tenants by the entirety. On January 16, 1911, Huson and wife mortgaged the premises to one Lydia C. Blair to secure a loan of $700. Later, and on July 24, 1911, the tenants by the entirety executed a second mortgage covering said premises to secure to said Lydia C. Blair a further loan of $300. Both of said mortgages were duly recorded in Cattaraugus county clerk's office. Afterwards, default having been made in the payment of the principal and interest of said mortgages, the mortgagee foreclosed the same, and the premises were sold on July 20, 1914, to Charles W. Smith and Dexter W. Seely, two of the plaintiffs herein. Later said Smith and Seely conveyed the premises to the other plaintiffs, Horace J. Duke and Florence Z. Duke, taking back a purchase-money mortgage to secure a part of the purchase price. At the time of the commencement of this action, the Dukes were the owners of the premises and in possession thereof, subject to said purchase-money mortgage held by Smith and Seely. At the time of the assessment, under which the sale which is attacked in this action was made, the premises were in the possession and were the residence of said Joseph A. Huson and Alta G. Huson, his wife.

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The assessment which is attacked in this action, and under which the sale thereof of the defendant was had, was for the year 1911. The assessment was made against Joseph Huson alone; the name of Alta G. Huson, the other tenant by the entirety, not being mentioned. The form of the assessment was as follows:

"1911, No. 1114, Huson, Joseph, Ward 6, Section ——, Block 36, 312 N. 10th, 8/100, value $750."

The assessment roll containing this assessment was completed on or about July 1, 1911. The tax was not paid, and in the spring of 1912 was returned to the county treasurer of Cattaraugus county. On October 1, 1912, the premises were sold for said tax by the county treasurer of Cattaraugus county, and on October 6, 1913, a tax deed was issued to the defendant, and the same was recorded in Cattaraugus county clerk's office in May, 1914.

It is the contention of the plaintiffs that such assessment and the proceedings leading up to said sale were irregular and void, and that no title was obtained by the defendant under said tax deed. The defendant, on the other hand, takes the position that said assessment was in compliance with the requirements of the statute, and that, while the tax deed stated that "so far as appears from the record the title and interest hereby conveyed is the title and interest of Joseph Huson," nevertheless, the owners being tenants by the entirety, the assessment was regular, and that the purchaser took an absolute title to the whole of said premises at such sale.

The case was tried at Equity Term, and the learned court held that the assessment was good as against the interest of Joseph A. Huson in the premises, and that the deed conveyed to the defendant the interest of said Joseph Huson therein. Both parties have appealed from the judgment entered thereon; the plaintiffs contending that the entire assessment is void, while the defendant takes the position that the assessment was sufficient to divest the title of both tenants by the entirety. While the case is not entirely free from doubt, I am of the opinion that the defendant's position is correct, and that by the deed from the county treasurer he obtained an absolute title to the whole of said premises.

[2, 3] Plaintiffs insist, first, that the assessment was irregular, because it did not contain the name of Alta G. Huson, one of the tenants by the entirety residing in the tax district. Counsel for the plaintiffs insists that each of said tenants by the entirety was the owner of an undivided one-half of the premises. This I do not think correctly states the interests which said tenants had in the premises. The interest of a tenant by the entirety is not an undivided one-half interest, but, as the name implies, each tenant is the owner of the whole or entire premises, each owning said premises per tout et per my, each owning the whole and every part. Both of these tenants resided upon the property at the time of the assessment. It therefore became impossible to separate and state the quantity and value of the interest of each of said tenants separately. The assessment to Joseph Huson covered the entire property, and he was the owner of the entire premises under his tenancy by the entirety. Alta G. Huson, his cotenant, was

also the owner of the entire premises. And it seems to me, if we give due effect to the provisions of section 9 and section 63 of the Tax Law (Consol. Laws, c. 60), while there is an omission of the name of one of the tenants by the entirety, yet such omission should not invalidate the assessment, as under section 9 of the Tax Law the assessment is deemed against the real property itself, and said real property is liable to sale for any tax levied upon it.

In the case of Haight v. Mayor, 99 N. Y. 280, 1 N. E. 883, a similar statute with reference to the city of New York provided that no tax or assessment should be void in consequence of the name of the rightful owner or owners of any real estate in said city not being inserted in the assessment rolls or lists, but that in such case no tax should be collected, except from the real estate so assessed. The Court of Appeals, Judge Rapallo writing, held that such provision clearly indicated that the tax was to be imposed upon the land, and that it was immaterial to its validity that the owner's name should appear upon the list, except for the purpose of imposing upon him a personal liability for the tax. It seems to me that such was the legislative intention in enacting section 63 of the Tax Law. As showing the trend of legislative intent, at the present time the statute provides for the assessment of the land itself, and the name of the owner is not required to be mentioned, except for the purpose of identification and as an aid to the collector; a mistake in the name of the owner, or the last owner known, or reputed owner, not affecting the validity of the assessment against the parcel or portion. Section 21, Tax Law (chapter 266, Laws of 1912).

The interest of the said tenants by the entirety was not a divisible interest, nor subject of division. Each owned the whole and every part; and Joseph Huson, against whom the assessment was made, owned the whole and every part. I think the defendant appellant correctly relies upon the force of section 9 and section 63 of the Tax Law, and I believe that said sections should be read together, as evidencing a legislative intent to place the burden of the tax upon the real property itself, and to make the name of the person to whom assessed secondary, and merely for the purpose of identification. It is true that a later sentence of section 63 provides that the board of supervisors of the county may, at any time before levying the tax, at the request of the supervisor of the tax district in which the real property is situated, correct any errors in the assessment in either of the cases mentioned in that section; but I do not think that the failure of the board of supervisors to so correct necessarily affects the prior provision of the section. Whether or not such corrective measures be taken would have no effect so far as giving notice to interested parties; whereas, the earlier provisions as to the mode of assessment were in that respect of the utmost importance to them. I am inclined to think that the action which the statute says the board of supervisors may take was intended merely to correct the records with reference to such sale.

[4] The learned trial court bases his decision that only the interest of Joseph Huson was conveyed largely upon the statement in the tax deed, made pursuant to the provisions of section 154 of the Tax

Law, that, so far as the record title appears, the interest conveyed is the title and interest of Joseph Huson. Section 154 provides that, where real estate sold by the county treasurer is not redeemed as provided by law, the county treasurer shall execute to the purchaser a conveyance of the real estate sold, the description of which real estate shall include a specific statement of whose title or interest is thereby conveyed, so far as appears on the record, which title shall vest in the grantee an absolute estate in fee. It was in obedience to this provision that the deed to the defendant stated that, so far as appeared from the record, the title and interest conveyed was the title and interest of Joseph Huson. I do not think there is anything in this clause of the deed antagonistic to the present claim of the defendant that the entire fee of both tenants was effectually conveyed by said deed. The statement that "so far as appears from the record" the title and interest is that of Joseph Huson unquestionably relates to the record in the county treasurer's office. Of course, that record only shows the title and interest of Joseph Huson to be affected. I do not think it relates to the record in the county clerk's office, as urged by the plaintiffs. The intent of the Legislature in making this requirement as to statement as to whose interest is conveyed could hardly have been to limit the fee which the purchaser received, but was merely for the purpose of identification of the property purchased. No reason is stated why the assessors should wish to reach the interest of Joseph Huson in said premises. It was undoubtedly their intention to assess the whole thereof, and in so doing Joseph Huson was named as the owner, as in fact he was.

[5] Criticism is also made by the plaintiffs that the collector's return and affidavit was not a substantial compliance with the requirements of section 82 of the Tax Law. I do not think there is anything to this point, nor that, were there even a substantial failure, it would be sufficient to invalidate the deed. Section 82 requires that the return be in the form prescribed by the state board of tax commissioners. Presumptively the collector of the city of Olean used the form furnished him for that purpose.

[6] Plaintiffs also contend that the collector should have specified the reason why the tax was not collected. The collector in this case stated that the tax was unpaid, and that he had not been able, with diligent inquiry, to discover any personal property out of which the same could be collected by levy and sale. In the absence of any other means of collecting a tax not voluntarily paid, it seems to me that such statement was sufficient reason for failure to collect.

[7] Another of the multifarious technical criticisms of the plaintiffs, by which they seek to avoid this tax sale, was that section 100 of the Tax Law had not been observed. This section requires a certificate of the county treasurer that he has examined and compared the account of unpaid taxes with the assessment roll and found it to be correct, and relates to proceedings to sell by the state comptroller, and it seems to me has no bearing or application to sales conducted by the county treasurer himself. It would certainly be an unnecessary formality for a county treasurer to certify to himself the records of his office or their contents.

Some other minor criticisms are made of the procedure had with relation to the sale of this property, but I do not think they require any further attention than that already devoted. The main contention of the plaintiffs' is that the assessment to the one tenant by the entirety was insufficient to authorize a sale and conveyance of the entire fee of the premises.

As was stated by the learned trial court in his opinion in deciding this case, the plaintiffs purchased the premises on mortgage foreclosure with full knowledge of the defendant's deed. They were not misled by any proceedings which resulted from the failure to pay the tax assessed. I do not think that any reason is shown here why the provisions of the Tax Law should be used to further the efforts made to escape taxation as shown by the facts in this case. The tax was a just one, it was assessed upon the premises itself, and the premises should be held liable, and the mere fact that but one of the tenants by the entirety was named as the owner ought not to invalidate the assessment, when no one was misled nor deceived by such possible irregularity.

The judgment appealed from should be so modified as to decree that the entire fee of the premises in question passed to the defendant in said deed, and that, therefore, the plaintiffs' complaint should be dismissed, with costs. All concur, except KRUSE, P. J., who dissents, and votes for affirmance without modification, and LAMBERT, J., who dissents, and votes for reversal.