THOMAS NOLAN, Plaintiff, *v.* CATHERINE PHILLIPI, Defendant.

(Supreme Court, Erie Trial Term, March, 1917.)

Cloud on title — removal of — deeds — when assessment and sale of lands for unpaid taxes are void — when owner entitled to judgment.

Where lands assessed and sold for unpaid taxes cannot be identified in the assessment roll and the certificate of sale, both the assessment and the sale are void for uncertainty.

> Where property consisting of about twelve acres was described by appropriate metes and bounds in deeds of conveyance forming the chain of title, a sale by the county treasurer for unpaid taxes under an assessment to a certain named person, as owner, who never lived on or ever had any interest in the property, which was simply described both in the assessment roll and the certificate of sale as eleven and one-quarter acres, no boundary line being given, the owner is entitled to judgment in an action to remove the certificate of sale as a cloud upon his title.

ACTION to remove a cloud on title.

Lawrence P. Hancock, for plaintiff.

Emery & Georgi, for defendant.

WHEELER, J. The plaintiff is the owner of about twelve acres of land in the town of West Seneca, Erie county. This property is described by appropriate metes and bounds in deeds of conveyance forming the chain of title.

This action is brought to remove as a cloud on title to this parcel a certificate of sale issued by the county treasurer of Erie county to Louis Phillipi, by which the county treasurer purported to sell, in 1903, for unpaid county taxes of 1901, premises assessed to " William Connors," and described in the assessment roll and in the certificate of sale as part of farm lot 192, township 10, range 7; eleven and one-quarter acres, in the town of West Seneca.

This certificate of sale was assigned to, and is now owned and held by, the defendant in this action.

The evidence shows that no such person as " William Connors " ever lived on the land owned by the plaintiff, or ever had any interest in it; and that no such person was known among the persons living in the vicinity.

It will be noted that in describing the property

assessed and sold for unpaid taxes, the eleven and one-quarter acres are given no boundary lines. It does not appear from what part or portion of farm lot 192 this eleven and one-quarter acres is to be taken. No one with such a description would be able to locate or identify any particular parcel of land as the parcel intended to be described or sold.

Subdivision 5 of section 30 of the Tax Law of New York provides that if the property assessed *" be a part of a lot, the part must be distinguished by boundaries or in some other way by which it may be identified."* It goes without argument that this provision of the statute was wholly disregarded.

Where the property assessed and sold cannot be identified by the description, the assessment and sale are void for uncertainty. *People* v. *Stilwell,* 190 N. Y. 293; *Matter of N. Y. C. & H. R. R. R. Co.,* 90 id. 348; *Zink* v. *McManus,* 121 id. 259; *Fulton* v. *Krull,* 200 id. 105.

The defendant's counsel urges, however, that under the provisions of sections 150 to 160 of the Tax Law of the state it is declared that the provisions of article 6 of the same chapter shall govern and control the action of the county treasurer, *" and the same rights and remedies shall be deemed to exist under the provisions of this article as are provided for in article six."*

Referring back, therefore, to section 131 of article 6 (which relates to sales and conveyances by the state comptroller for unpaid taxes), it is provided that such conveyance by him " shall be presumptive evidence that the sale and all proceedings prior thereto, from and including the assessment of lands sold, and that all notices required by law to be given previous to the expiration of the time allowed by law for the redemption thereof, were regular and in accordance with all

the provisions of law relating thereto. After two years from the date of such conveyance such presumption shall be conclusive.''

It seems to be held by the courts that the provisions of this section apply to proceedings taken by the county treasurer for the sale of land for unpaid taxes. *Cone* v. *Lauer,* 131 App. Div. 193; *Clinton* v. *Krull,* 125 id. 159; *Sheldon* v. *Russell,* 91 Misc. Rep. 278.

It is therefore argued that the presumption of regularity is conclusive against the plaintiff in this action, and the action cannot be maintained.

We think it sufficient to say, in answer to the argument suggested, that the questions presented in this case are not simply ones of regularity of procedure on the part of the assessors, or of the county treasurer. The ground of attack on the assessment and on the sale and certificate given does not relate to the question whether certain notices were given, and other statutory requirements followed; but relate rather to the question whether under the particular description in the assessment and certificate of sale the plaintiff's property was in fact described, affected or conveyed. We hold that it was not, and that none of the things done by the assessors or county treasurer in any way created a tax lien on the plaintiff's land, or conveyed away any of his interest therein, because the description used described and identified nothing.

If the description employed had been sufficiently definite so that a particular parcel could have been located by it, the case presented would have been far different. In this case the proceedings conveyed nothing, just as a deed formally executed, containing a like description, would convey nothing.

In this case there is a further objection to the conclusiveness of the certificate of sale attacked. So far as appears, the county treasurer never executed or

delivered to the holder of the certificate a deed of conveyance as provided by section 155 of the Tax Law. Referring back to the provisions of section 131 of the law, we find that '' a conveyance of any lands so sold by him for taxes and not redeemed '' shall vest title in the purchaser and '' shall be presumptive evidence that the sale and all proceedings prior thereto,'' etc., '' were regular and in accordance with all the provisions of law relating thereto. After two years from the date of such conveyance such presumption shall be conclusive.''

It is the deed of conveyance as therein provided which raises the presumption of regularity, and not the execution of the certificate of sale, which is but a preliminary step to the perfection of title under sales for unpaid taxes. Until such deeds are given, the tax and all proceedings thereunder are open to attack for irregularity, the same as before the passage of the act, and the short Statute of Limitations provided by the section in question does not begin to run.

We are of the opinion, therefore, that the plaintiff is entitled to the judgment asked.

Judgment for plaintiff.