In the Matter of the Petition of HAZEL B. MORSE, Appellant, to Recover Possession of Real Estate of EMILY E. POTTER, Respondent.

Second Department, December 12, 1919.

Real property — tax sale — summary proceeding to recover possession of real estate — sale void for failure to comply with statute — conveyance to county instead of to supervisors — statute strictly construed — failure to give notice to occupants.

A deed, given on a sale of lands for non-payment of taxes, is not vitiated by the fact that it refers to a special act which has been repealed.

Where at the time of a tax sale the statute regulating sales by the Comptroller and providing that the deed should be made to the board of supervisors of each county, was made applicable to sales by a county treasurer, the deed should be made to the supervisors and not to the county.

Hence, as on a sale of lands for unpaid taxes the statute must be complied with in every substantial particular, a deed to the county instead of to the supervisors thereof is void and does not pass a valid title.

Moreover such sale is void where the premises have been continuously occupied and there was no compliance with section 134 of the Tax Law which requires notice to occupants. As said section requires evidence of a compliance therewith to be recorded with the conveyance, a record of sale without such evidence is absolutely void.

APPEAL by the petitioner, Hazel B. Morse, from an order of the County Court of Dutchess county and from a judgment thereupon, entered in the office of the clerk of the county of Dutchess on the 7th day of November, 1918, dismissing the proceedings herein.

This is a summary proceeding to recover possession of real

estate sold by the treasurer of Dutchess county for non-payment of taxes and bid in by the county which received a deed from the treasurer and afterwards sold the land to the petitioner's predecessor in title.

*Elijah T. Russell*, for the appellant.

*Allen S. Reynolds* [*George Card* with him on the brief], for the respondent.

JAYCOX, J.:

Chapter 263 of the Laws of 1883, providing for sales of land for unpaid taxes in the county of Dutchess, was repealed by chapter 908 of the Laws of 1896, being the former Tax Law (Gen. Laws, chap. 24). (*Peterson* v. *Martino*, 210 N. Y. 412.) The fact, however, that reference is made to a special act which has been repealed does not vitiate the deed. (*Kelly* v. *Austin*, 132 App. Div. 522.) Under the General Tax Law (Consol. Laws, chap. 60; Laws of 1909, chap. 62), in force at the time of the sale, the provisions of article 6, relating to sales by the Comptroller, are made applicable to sales by the county treasurer. (§ 158.) Section 123 of article 6, entitled " Purchases by Comptroller for State or county," provides for the execution of a deed by the Comptroller to the board of supervisors of each county. From this it follows that the deed in question should have been made to the board of supervisors and not to the county. In *Sanders* v. *Downs* (141 N. Y. 422, 424) it is said: " It is essential to the validity of every assessment for the purposes of taxation that the statute, under the authority of which it is made, is complied with in every substantial particular." The same rule applies to sales for unpaid taxes.

Apparently there is another reason for holding that the petitioner herein did not acquire a valid title to the premises. The evidence indicates that the premises in question have been continuously occupied. Section 134 of the Tax Law, which is made applicable to sales by the county treasurer by section 158, provides in part as follows:

" § 134. Notice to occupants. If any lot or separate tract of land sold for taxes by the Comptroller and conveyed, or any part thereof shall, at the time of the expiration of one year given for the redemption thereof, be in the actual

occupancy of any person, the grantee to whom the same shall have been conveyed, or the person claiming under him, shall within one year from the expiration of the time to redeem, serve a written notice on the person occupying such land, either personally or by leaving the same at the dwelling-house of the occupant, with a person of suitable age and discretion belonging to his family. * * * No conveyance made in pursuance of this section shall be recorded until the expiration of the time mentioned in such notice, and the evidence of the service of such notice shall be recorded with such conveyance."

Owners of occupied lands cannot be deprived of their title except by strict compliance with this section. Evidence of compliance therewith is expressly required to be recorded with the conveyance, and without it the record is absolutely void. Tax deeds without such evidence are to be regarded as though they had not been placed upon the record books at all. (*People* v. *Ladew,* 189 N. Y. 355, 359; *Ostrander* v. *Reis,* 206 id. 448, 455.)

The order and judgment of the County Court of Dutchess county should be affirmed, with costs.

JENKS, P. J., RICH, PUTNAM and BLACKMAR, JJ., concurred.

Order and judgment of the County Court of Dutchess county affirmed, with costs.