FRED ZIRBEL, Plaintiff, *v* EARNEST MILLER and Others, Defendants.

Supreme Court, Trial Term, Madison County, September 1, 1936.

*Woolsey & Woolsey*, for the plaintiff.

*William E. Lounsbury*, for the defendants Stinard.

*Bliss & Flanagan*, for certain defendants not appearing.

PERSONIUS, J.   The plaintiff seeks an adjudication that he is the owner of certain real estate, entitled to possession thereof and for the ejection of the defendants therefrom.   In effect he seeks to set aside a tax sale.

The plaintiff owned one hundred and nine acres and, on the opposite side of the highway, eighty-five acres, in the town of Georgetown, Madison county.   There were buildings on each parcel. Prior and subsequent to 1929 both were assessed to him.

In 1929 the first parcel was assessed to the plaintiff but the eighty-five-acre parcel was assessed to Leslie Babcock.   The defendants claim that Mr. Babcock was an occupant of this parcel as a purchaser under contract.   The evidence does not support this contention.   Mr. Babcock did live in the house during the month of March and part of April, 1929.   He left " suddenly."   He had paid one month's rent.   He had talked with plaintiff about purchasing.   No writing had been drawn.   The terms were not settled. The assessors viewed the property in May or June.   The assessment was made as of July first.   (Tax Law, § 9.)   On neither date was Babcock in possession, nor had he any interest in the property.

The parcel was sold for taxes October 15, 1930.   A deed was given October 20, 1931.   The defendants claim under this transfer. The plaintiff made prompt and diligent effort to pay his taxes and to redeem the property when he, for the first time, learned of the sale.   This was after the deed was given.   The collector and an assessor advised him that the parcel had been overlooked and would be reassessed the following year.   As late as October 11, 1932, the county treasurer wrote that he had not been able to get the matter straightened out but would endeavor to do so within the next few days " and advise you of the amount due."   The plaintiff heard nothing further and after the defendants Stinard took possession of their fifteen acres and started to make some changes, he started this action.

The plaintiff asserts the invalidity of the tax sale on several grounds.   We consider but one.   Was the assessment and the proceedings for the sale of the real property thereunder void for lack of jurisdiction?   If the assessment was valid, *i. e.*, without jurisdictional defect, the sale and conveyance would be absolute.   (Tax Law, § 137; *Mabie* v. *Fuller*, 255 N. Y. 194.)   In that case the taxes " were regularly assessed."   An assessment may be merely

irregular or, if made without jurisdiction, void. If the latter, it may be attacked collaterally. (*Miller* v. *City of Oneida*, 153 Misc. 438, 439, and cases cited.)

Under former tax laws an assessment "made in the name of a person having neither the ownership nor possession of the land, nor, so far as appears, any interest in or connection with it," was void. (*Whitney* v. *Thomas*, 23 N. Y. 281.) "The lands were not assessed according to the fact, * * *. They were assessed to a third person, who had no ownership or possession, and no connection with them. It was not a mere error of the assessors, but a disregard of the facts of the case. They entered a false judgment, not warranted by any facts proven. * * * Assessors can have no jurisdiction to assess any of the lands in their town to third persons who do not own, possess or have any connection therewith." (*Buffalo, etc., Co.* v. *Board of Supervisors of Erie County*, 48 N. Y. 93, 98.) In *People ex rel. Boenig* v. *Hegeman* (220 N. Y. 118) the court held that the "inadvertent act of affixing the wrong seal" was not a jurisdictional defect. But after pointing out that lack of *notice* to the taxpayer and other defects were jurisdictional defects, the court said (p. 122): "It is easy to see that the error of the tax officials in any one of the instances mentioned would affect the very foundation of the proceedings upon which a tax sale might rest, and that a sale despite such a defect, would be without jurisdiction * * *. Here there has been no failure to act and no erroneous action which disregarded the fundamental requirements of a valid assessment or sale." The defect here was fundamental. What notice has a taxpayer whose property is assessed to a stranger? He would, as the plaintiff here did, look in vain for the assessment. Not even a published notice contained the plaintiff's name. He had neither actual nor constructive notice of the assessment. (See, also, *Hagner* v. *Hall*, 10 App. Div. 581, 586; *Cottle* v. *Cary*, 73 id. 54.)

We have not overlooked section 9, which provides that the assessment shall be deemed against the property itself, or section 55-a, which provides that an immaterial error in the "description" shall not invalidate the assessment and that the entry of the name of the owner shall not be regarded as a part of the assessment but merely as an aid to identify the parcel. The Tax Law provides: Section 20, that the assessors shall ascertain by diligent inquiry "the names of all the persons taxable therein." Section 33, that an agent, trustee, guardian, executor or administrator shall be assessed "as such" and the assessment shall be carried out in a separate line from "his individual assessment." Section 21, that the assessors shall prepare an assessment roll, the form of which shall be prescribed or approved by the Tax Commission. The customary form prescribed or approved by the Commission provides in the

first column for the name of the owner or occupant. Section 55-a has to do with the *description* and the *identification* of the land itself. We cannot conclude that the Legislature intended to give assessors jurisdiction to levy a valid assessment, not merely in an erroneous name, but in the false or fictitious name of a person having no interest in or connection with the property. Except in districts where properties are assessed from a tax map or plot, by streets, divisions and subdivisions, neither the owner nor the collecting officer could, as in the present case, find the assessment upon the tax roll without examining every description.

Our attention is called to authorities where assessments in erroneous names have been held valid. In none of them was the assessment in the name of an entire stranger to the property. In *Smith* v. *Russell* (172 App. Div. 793) the property was owned by tenants by the entirety. It was assessed against one only. By a divided court the assessment was held valid, the court pointing out that each tenant by the entirety was " the owner of the whole or entire premises " and that both resided thereon. No one was misled. In *Witherhead* v. *Ort* (223 App. Div. 626; affd., 249 N. Y. 567) the property was conveyed to ·the plaintiff, Peter H. Witherhead, by Minnie A. Witherhead in November, 1914. His deed was recorded January 12, 1915. In 1915 the property was assessed to George H. and Minnie A. Witherhead. George H. Witherhead appears to have been then managing the property for the plaintiff. The sale was upheld by a divided court. Both the opinion and dissenting opinion are devoted largely to the question of whether the notice was served upon an *occupant*. This is the only question mentioned in the Court of Appeals memorandum. Said sections 9 and 55-a are referred to, the court saying: " Assuming that the appellant [Peter H. Witherhead] held the record title to the property at the time of the assessment, which does not clearly appear, the tax sale was valid even though the property was assessed to George H. and Minnie A. Witherhead," citing *Smith* v. *Russell* (*supra*). Here again we have an assessment in the name of the immediately preceding owner, Minnie A. Witherhead, and George H. Witherhead, the representative of her grantee, Peter H. Witherhead. There was no claim of lack of notice of the assessment. There was at most an error in the name but the property was not as here assessed to an absolute stranger to the property, either in ownership or occupancy.

The plaintiff has been deprived of title and possession of his property by an assessment and proceedings for sale thereunder which do not mention his name. His relation to the property was well known. It was assessed to him prior to 1929 and subsequent thereto. He resided across the highway. It was not an

error but an assessment contrary to and in " disregard of the facts " of the case, a " false judgment, not warranted by any facts proven," as in *Buffalo, etc., Co.* v. *Supervisors of Erie County (supra).* When advised of the error in the assessment, the county treasurer should have canceled the sale (Tax Law, §§ 158, 140), refunded the purchase price (§ 156), and the property should have been reassessed to the plaintiff (§ 34).

Though in our view immaterial, there is no proof that notice of redemption was ever served upon this plaintiff. He says he was given a notice of some kind to deliver to the mortgagee. On the bottom of the tax deed is indorsed a certificate of the county treasurer that a notice and affidavit showing service was filed November 18, 1931. This notice misstates, though slightly, the date of the sale and the date of the deed and the affidavit of service is entirely blank as to the names of persons served and the manner and time of service.

The plaintiff is entitled to judgment declaring him to be the owner of and entitled to the possession of the property, restraining the defendants or any of them from interfering therewith, and requiring them to surrender possession to the plaintiff, with disbursements against the defendants Earnest Miller, George A. Stinard and Clara Stinard, but without costs. (Civ. Prac. Act, § 1477.)