HAROLD R. LEE and PATRICK J. KENIRY, as Executors, etc., of EMMITT T. LEE, Deceased, Appellants, *v*, ALFRED J. FARONE, Respondent.

Third Department, April 30, 1941.

*Patrick J. Keniry*, for the appellants.

*Schwarte, Slade, Harrington & Goldsmith* [*John A. Slade* of counsel], for the respondent.

*Truman H. Preston, Onondaga County Attorney* [*John W. Nichols* of counsel], for the County Officers Association of the State of New York, as *amicus curiæ*.

CRAPSER, J. This is an action in equity brought by the plaintiffs-appellants in possession of certain real property against the

defendant-respondent as the record holder of a mortgage to cancel and remove the lien of such mortgage as a cloud upon the plaintiffs title to said property.

The plaintiffs claim as the source of their title to said property a conveyance resulting from the tax sale conducted by the Saratoga county treasurer on November 10, 1932, for unpaid State, county and town taxes levied against said property in the year 1931, the warrant being dated December 30, 1931. The assessment under which said taxes were levied was made in the year 1931 and reads as follows: " Town of Malta, White, H. J. (East side Saratoga-Mechanicville Road) Bd. S. by Halme, E. by Hagaman, W. by Road — 100 acres."

At the tax sale conducted by the county treasurer the property, pursuant to statute, was struck down to the county of Saratoga.

The property having been unredeemed from said tax sale as provided by the Tax Law, a conveyance was made by the county treasurer to the county of Saratoga, which conveyance was dated December 23, 1936, and was recorded in the Saratoga county clerk's office January 14, 1937, in Book of Deeds 390, at page 71.

Thereafter, by deed dated October 16, 1937, and pursuant to a resolution of the board of supervisors, adopted October 12, 1937, the property was conveyed by the county treasurer for and on behalf of the said county and in the name of the board of supervisors to Elizabeth L. Sells, which conveyance was recorded in the Saratoga county clerk's office December 1, 1937, in Book of Deeds 392, at page 595.

The said Elizabeth L. Sells thereafter executed a conveyance of the said property to the plaintiffs-appellants herein. This conveyance is dated June 30, 1938, and at the time of the trial of this action had not been recorded in the Saratoga county clerk's office.

Prior to the time the assessment was made, the taxes levied and the sale for unpaid taxes held by the county treasurer, the said property was from 1926 to 1930 owned by the H. J. White Developments, Inc. From July 8, 1930, to January 30, 1934, the premises were owned by the Saratoga Springs Development Corporation, and on January 30, 1934, the premises were conveyed through a mortgage foreclosure to the H. J. White Developments, Inc.

On December 28, 1936, the H. J. White Developments, Inc., gave the mortgage in question to the defendant which mortgage was recorded January 5, 1937. H. J. White never had any record title of the property in question.

This action was commenced January 10, 1940. The property is unimproved, unoccupied, vacant land with no dwelling or other buildings thereon.

Defendant has denied plaintiffs' allegations of ownership, seizin and possession. To survive defendant's motion to dismiss made at the close of plaintiffs' case requires a holding that plaintiffs have proven title. The regularity of all proceedings and steps taken which led up to the tax sale are either conclusively or presumptively established by the presentation of plaintiffs' fountain source of title, viz., the tax deed itself. (Tax Law, §§ 131, 132, 158; *Cone* v. *Lauer*, 131 App. Div. 193; 198 N. Y. 597; *Robbins* v. *Abrew*, 275 id. 233; *Dunkum* v. *Maceck Building Corp.*, 256 id. 275; *Mabie* v. *Fuller*, 255 id. 194, 199; *Callahan* v. *Underwood*, 260 App. Div. 352.)

Section 9 of the Tax Law provides that an assessment shall be deemed as against the real property itself and the property itself shall be holden and liable for any tax levied upon it.

Section 55-a of the Tax Law provides that an immaterial error in the description shall not invalidate an assessment against such parcel or portion if such description is sufficiently accurate to identify the parcel or portion. The entry of the name of the owner, last known owner or reputed owner of a separate parcel or portion of real property shall not be regarded as a part of such assessment but merely as an aid to identify such parcel upon the roll. (*Smith* v. *Russell*, 172 App. Div. 793; *Witherhead* v. *Ort*, 223 id. 626; affd., 249 N. Y. 567.)

Under a valid tax deed from the time of its delivery the purchaser is clothed, not merely with the title of the person who had been assessed for taxes, and had neglected to pay them, but with a new and complete title in the land, under an independent grant from the sovereign authority, which bars and extinguishes all prior titles and incumbrances of private persons and all equities arising out of them. (*Turner* v. *Smith*, 14 Wall. 553; *Hefner* v. *Northwestern Life Ins. Co.*, 123 U. S. 747, 751; 8 S. Ct. 337, 338.)

The defendant-respondent argues that the deed from the county treasurer to the county of Saratoga was ineffectual because it conveyed the premises to " the county of Saratoga " instead of " the board of supervisors." He cites section 123 of the Tax Law as his authority.

Article 6 provides for sales of real property by the New York State Department of Taxation and Finance and includes sections 119 to 144.

The real property which is the subject-matter of the case at bar was sold under the provisions of sections 150 to 160 of article 7 of the Tax Law. This article deals with sales of real property for unpaid taxes by the county treasurer.

The respondent cites as authority for his contention that the deed should have been made in favor of the board of supervisors the case of *Matter of Morse* (189 App. Div. 803). That case was decided in December, 1919, and was controlling until 1928, when the Legislature amended the Tax Law and provided for tax sales in certain counties, including the county of Saratoga, by the county treasurer instead of the State Comptroller. (Laws of 1928, chap. 251.) The purpose and effect of that legislation is set forth in the case of *City of New York* v. *Every* (231 App. Div. 581, 583; 234 id. 813; 258 N. Y. 630).

Article 7 of the Tax Law now provides a comprehensive procedure for tax sales by the county treasurer and for the acquisition of lands sold at tax sales by the county.

Section 151 of the Tax Law provides in part as follows: " All counties of the State are empowered to acquire and hold such lands."

Reading sections 151 and 154 together, we find that the county is empowered to acquire property at a tax sale and the county takes the conveyance thereof.

Nowhere in article 7 of the Tax Law is there a provision that the board of supervisors may exercise these functions.

In section 159 of the Tax Law these words will be found: " If a parcel of land is bid in by the county and is not redeemed," etc.

Section 123 of the Tax Law (cited in the case of *Matter of Morse, supra*) does not apply to tax sales conducted by the county treasurer of Saratoga county.

Section 154 of the Tax Law provides as follows: " If such real estate, or any portion thereof, be not redeemed as herein provided, the county treasurer shall execute to the purchaser a conveyance of the real estate so sold, the description of which real estate shall include a specific statement of whose title or interest is thereby conveyed, so far as appears on the record, which conveyance shall vest in the grantee an absolute estate in fee, subject, however, to all claims the county or State may have thereon for taxes or liens or incumbrance."

The court below said: " The tax deed in question is wholly silent as regards the foregoing requirements as to a ' specific statement ' of whose interest was thereby conveyed save the recital in the habendum that it is that of the party of the first part, viz: the county treasurer who conducted the tax sale and executed the conveyance. Manifestly this does not comply with the statute."

With this statement we cannot agree. " It is the general rule in such cases to give the purchaser, after failure to redeem within a time allowed, an absolute title. Such is and always has been the

rule in this State as to tax titles upon sales for default in the payment of the usual taxes imposed for the support of the State and local governments." (*Terrel* v. *Wheeler*, 123 N. Y. 76, at p. 84, affg. 49 Hun, 262.)

The premises in the deed from the county treasurer to the county contained the following description: " Town of Malta, White, H. J. (East side Saratoga-Mechanicville Road) Bd. S. by Halme, E. by Hagaman, W. by Road — 100 acres."

" The intent of the Legislature in making this requirement as to the statement as to whose title or interest is conveyed [§ 154] could hardly have been to limit the fee which the purchaser received, but was merely for the purpose of identification of the property purchased." (*Smith* v. *Russell*, 172 App. Div. 793.)

In *Cone* v. *Lauer* (131 App. Div. 193) the court says: " The requirement as to mentioning in the deed whose title is sold can hardly apply to the sale of the land of a non-resident, for then the interest of no individual is assessed or sold; the land itself is sold, not the title of some individual therein."

Reading sections 9 and 154 of the Tax Law together, there is no question but that the provision in section 154, that " the description of which real estate shall include a specific statement of whose title or interest is thereby conveyed, so far as appears on the record," relates to the record in the county treasurer's office and does not relate to the record in the county clerk's office and does not in any way limit the fee which the purchaser received but was merely for the identification of the property purchased.

The deed in question fully complies with the provisions of section 154 of the Tax Law. The conveyance by the county treasurer to the county was in compliance with the statute in that it included in the description the record itself of the county treasurer's office relating to the assessment upon which the taxes were levied and the tax sale was had, which was the basis of the conveyance, and the judgment and order appealed from should be reversed and a judgment is hereby rendered in favor of the plaintiffs, appellants for the relief prayed for in their complaint, with costs.

HILL, P. J., BLISS and SCHENCK, JJ., concur; HEFFERNAN, J., dissents, in a memorandum.

HEFFERNAN, J. (dissenting). I dissent and vote to affirm the judgment and order under review.

The facts are stated in the opinion of the majority and hence will not be repeated.

The deed of December 23, 1936, made by the county treasurer to the county of Saratoga which attempted to divest the owner's

title under the tax sale was ineffectual to accomplish that object. The deed is fatally defective in that it conveys the premises to " The County of Saratoga." The conveyance should have run to and named the " Board of Supervisors " as grantee as required by section 123 of the Tax Law, made applicable to tax sales by the county treasurer by section 158. (*Matter of Morse*, 189 App. Div. 803.) The deed also failed to include " a specific statement of whose title or interest is thereby conveyed, so far as appears on the record," as required by section 154. (*Sheldon* v. *Russell*, 91 Misc. 278; affd., 173 App. Div. 991.)

These defects are jurisdictional and are not cured by section 132 of the Tax Law. (*Joslyn* v. *Rockwell*, 128 N. Y. 334; *People ex rel. Boenig* v. *Hegeman*, 220 id. 118; *Lindlots Realty Corporation* v. *County of Suffolk*, 251 App. Div. 340; affd., 278 N. Y. 45.)

Provisions similar to section 132 have been in our statutes for many years. It has been held that they may have effect as curative acts and as limitation statutes. As curative acts they avoid irregularities only. (*People* v. *Witherbee*, 199 App. Div. 272.) When applied to past tax sales these provisions are not statutes of limitations but only curative acts. (*Bryan* v. *McGurk*, 200 N. Y. 332.)

Judgment and order reversed on the law and facts, with costs to the appellants, and judgment for appellants for the relief prayed for in the complaint granted, with costs. The findings and form of the decision to be settled before Justice CRAPSER on notice.